STATE OF CONNECTICUT *v.* RICHARD J. BALTROMITIS

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. MV 7-34895

Argued August 28—decided December 8, 1967

*L. Scott Melville,* of Waterbury, for the appellant (defendant).

*Kenneth W. Mango,* assistant prosecuting attorney, for the appellee (state).

KOSICKI, J. The defendant, after a trial to the court, was convicted of operating a motor vehicle on a public highway while his operator's license and his right to operate were under suspension. General Statutes § 14-215. A nolle prosequi had been entered on a charge of operating an unregistered motor vehicle. General Statutes § 14-12. From the judgment of guilty he has appealed. It was admitted that on October 27, 1966, at 2:29 o'clock in the afternoon, the defendant was operating his motor vehicle on a highway known as Boulder Hill Road in Cheshire.

It was found by the court on sufficient evidence that on October 5, 1965, a notice of suspension, effective October 7, 1965, for an indefinite period, was sent by certified mail to the defendant at 109 Turner Avenue, Oakville, Connecticut. This was the last known address of the defendant on file in the records of the motor vehicle department. The notice sent to the defendant was returned to the motor vehicle department on October 7, 1965, with the following notation marked on the envelope by the post office department: "moved, left no address, 10/6/65." During that month, the defendant was living at the address mentioned above. On December 13, 1965, a provisional license[1] was issued to the defendant, who then lived at 259 Walnut Street in Waterbury. The expiration date stated thereon was November 30, 1966. On the back of this pro-

---

[1] "Sec. 14-38. PROVISIONAL OPERATOR'S LICENSE. As used in this section, 'provisional operator's license' means one issued by the commissioner to any person under the age of twenty-one who has not been previously licensed to operate a motor vehicle in this state. Each provisional operator's license shall be clearly distinguishable, either in color or size, as determined by the commissioner, from other operator's licenses, shall be designated as a provisional operator's license and shall contain an admonition that the later procurement of a nonprovisional license is conditional on the establishment of a record, satisfactory to the commissioner, showing compliance with the motor vehicle laws of this and other states. . . ."

visional license there was a change of address, dated May 6, 1966, to 900 Boulder Road, Cheshire, and another change of address to 239 Orange Street, Waterbury. The defendant's license and right to operate were reinstated on November 4, 1966.

Upon the foregoing findings of fact, the trial court concluded that the defendant was guilty beyond a reasonable doubt of having violated § 14-215; that the suspension period was effective from October 7, 1965, to November 4, 1966; and that the fact that the defendant in some unexplained manner had obtained, on December 13, 1965, a provisional license which would expire on November 30, 1966, did not affect his being under suspension on October 27, 1966, at the time of his arrest.

The defendant's motion to correct the finding requests the addition of the following: (1) Prior to his arrest, the defendant had no actual knowledge that his license and operating privileges had been suspended as of October 7, 1965, and he had received no information from the motor vehicle department to alert him to inquire about the suspended status of his license. (2) The defendant testified that the first time he had any knowledge of his suspension was subsequent to his arrest; the state's witness testified that the records of the motor vehicle department showed that the notice of suspension sent to the defendant's last known address was returned stamped by the postal authorities "moved, left no address"; and there was no evidence that the defendant had received any notice of suspension before his arrest.

The motion to correct was denied. In our opinion, the ruling of the court was not erroneous. We direct our attention initially to the second paragraph of the motion. The grounds stated therein are not in accordance with our practice. The facts

must be all the facts which the court finds proven so far as necessary to support the conclusions to be reviewed or claimed to be relevant and material to the questions of law raised. Practice Book §§ 619, 980. They are not recitals or summaries of testimony. For us to correct a finding, it must appear, on examination of the evidence, that relevant and material facts have been found without evidence, or that such facts were admitted or undisputed and have not been found, or that facts have been found in language of doubtful meaning. Practice Book § 985. It is for the trier to pass on the credibility of witnesses, and where the case presents controversial issues of fact these are solely for the trial court to decide. *State* v. *Coulombe,* 143 Conn. 604, 609.

But we do not rest our decision on that ground alone. Both numbered paragraphs of the motion to correct are fully covered or includible in the first paragraph. This raises the single issue whether a suspension of an operator's license is effective only if the suspended operator had actual knowledge thereof or sufficient information from the commissioner of motor vehicles to put him on notice or inquiry as to the status of his license or operating privilege.

In his assignment of errors, the defendant claims that the court erred (1) in failing to correct the finding by adding thereto the facts stated in paragraph one of the motion, and (2) in reaching the conclusions stated in the finding when the subordinate facts do not support them.

A license to operate a motor vehicle is purely a personal privilege issued by the state on account of fitness. *Dempsey* v. *Tynan,* 143 Conn. 202, 207. Among the duties resting on a licensed operator is that of notifying the commissioner of motor vehicles of any change of address, within forty-eight hours

of any such change, which notification shall include the operator's old and new addresses. General Statutes § 14-45. "Section 14-111 (a) confers on the commissioner of motor vehicles the authority to suspend or revoke an operator's license or the right to operate for any cause he may deem sufficient, with or without hearing. He may also cancel such suspension or revocation upon application of the person whose right had been suspended, upon further investigation and hearing. § 14-111 (k). An appeal from the decision of the commissioner may be taken to the Superior Court, which, if it finds the issues in favor of the appellant, may order reinstatement of the right to operate. § 14-134. These provisions, providing for an ultimate judicial review, afford ample protection against arbitrary or uninformed action of the commissioner. *Meany* v. *Connor* . . . [7 Conn. Sup. 165, 172]. Statutes, such as ours, not requiring a notice and hearing before suspension or revocation have generally been sustained against various constitutional objections. See *Larsen* v. *Warren,* 132 So. 2d 177 (Fla.); *Thornhill* v. *Kirkman,* 62 So. 2d 740 (Fla.); *Spurbeck* v. *Statton,* 252 Iowa 279; *Hamsher Motor Vehicle Operator License Case,* 196 Pa. Super. 336; notes, 10 A.L.R.2d 833, 842, § 6, 125 A.L.R. 1459, 1460." *State* v. *Barber,* 24 Conn. Sup. 346, 350, 1 Conn. Cir. Ct. 584, 587.

The argument of the defendant, in brief, is that he was entitled to actual notice of suspension. There is no such requirement in our statutes. Section 14-111 (a) provides in part: "No service of process shall be necessary in connection with any of the prescribed activities of the commissioner, but a notice forwarded by registered or certified mail to the address of the person registered as owner or operator of any motor vehicle as shown by the records of the commissioner shall be sufficient notice

to such person that the certificate of registration or operator's license is revoked or under suspension." It is undisputed that the notice of suspension was so given by the commissioner. Before pronouncing judgment, the trial judge commented on the validity of the notice sent to the defendant: "Well, the statute makes it very clear that once the right to operate has been suspended, the motor vehicle department has to give notice to the last address by depositing in the mailbox a registered letter. If someone moves or doesn't accept the letter or refuses to take the letter or in any way does anything after that so that the last known address which appeared on this suspension notice is not the correct address, the state has performed its burden. Therefore, his right to operate was properly under suspension when the state, according to this, deposited a registered letter with notice of suspension, adequate notice of suspension."

"The statute provides for a constructive notice, which is the law's substitute for actual notice. 39 Am. Jur. 236, Notice and Notices, § 7. It raises a legal inference that the method used will reasonably serve to inform the party addressed of the nature and contents of the notification. . . . [Where] a specified mode of giving notice is prescribed by statute, that method is exclusive. 39 Am. Jur. 237, Notice and Notices, § 9." *State* v. *Barber,* 24 Conn. Sup. 346, 351, 1 Conn. Cir. Ct. 584, 589; 7 Am. Jur. 2d, Automobiles and Highway Traffic, § 121.

The defendant argues that, to be convicted of the offense charged, he must have voluntarily operated a motor vehicle with the knowledge or actual notice that his license was under suspension. We find no authority for this claim. "Intent to do the prohibited act, not intent to violate the criminal law, is the only intent requisite for conviction in the case of many crimes constituting violations of statutes

in the nature of police regulations. *State* v. *Gaetano,* 96 Conn. 306, 316 . . . and cases cited; *State* v. *Sul,* 146 Conn. 78, 86 . . . . This statute was obviously such a police regulation." *State* v. *Guerra,* 151 Conn. 159, 165. The purpose of § 14-45 was identification of drivers and facilitating communication with them. Upon the defendant's own testimony, the trial court could reasonably have found that the defendant had failed to notify the commissioner of frequent changes of address, in violation of § 14-45. The court could not reasonably arrive at any other conclusion, on the evidence, than that the notice of suspension sent to the defendant by the commissioner, and the subsequent suspension of the defendant's operator's license, fully satisfied the requirements of § 14-111.

There is no error.

In this opinion KINMONTH and MACDONALD, Js., concurred.