STATE OF CONNECTICUT *v.* FREDERICK PUESCHEL

APPELLATE DIVISION OF THE COURT OF COMMON PLEAS

FILE No. MV 17-30571

Argued November 14, 1972—decided February 1, 1973

*Julius Watstein,* of Bristol, for the appellant (defendant).

*Robert N. Sneideman,* prosecuting attorney, for the state (appellee).

O'BRIEN, J. This is an appeal from a conviction of operating a motor vehicle on a public highway in the city of Bristol on February 7, 1971, in violation of § 14-215 of the General Statutes.

The state offered evidence and claimed that it had proven that the defendant was observed by Officer Richard Ross of the Bristol police department operating a motor vehicle on the public highways of Bristol on the day in question, that the commissioner of motor vehicles of the state of Connecticut had sent, by certified mail, on December 22, 1970, a notification of suspension to the defendant at his last known address (131 French Street, Bristol, Connecticut), that on January 11, 1971, the letter was returned to the motor vehicle department with the post office notation "Unclaimed," and that his license and right to operate a motor vehicle remained under suspension from January 6, 1971, through the date of his arrest, February 7, 1971.

It was the contention of the defendant that, prior to his being notified by mail of his suspension for failure to post a $300 bond for an accident which occurred on June 4, 1970, when a car backed out of a driveway and struck his vehicle, which was on the highway, he never had a hearing at the motor vehicle department in connection with responsibility for the aforesaid accident and that he never received notice of his suspension until after the effective date of suspension, January 6, 1971. The principal argument of the defendant, both throughout the trial and on appeal in this court, has been that the United States Supreme Court decision in *Bell* v. *Burson,* 402 U.S. 535, precluded the suspension of the license by the commissioner of motor vehicles pursuant to § 14-117 of the General Statutes.

Counsel for the state has argued that the criminal trial before the Circuit Court was the improper forum to consider the examination of the suspension and that the defendant should have appealed the license suspension in the department of motor vehicles and to the courts if administrative relief

was denied. The record discloses that the criminal trial was delayed several months to permit such an approach but the defendant chose rather to raise the issue of the constitutionality of the suspension in the criminal proceeding. We need not reach the issue of forum since we decide the appeal on other grounds.

The threshold question is the applicability of the United States Supreme Court decision in *Bell* v. *Burson,* supra, to the instant proceeding. In that case, a unanimous court considered Georgia's financial responsibility act, essentially identical to that of Connecticut. It held that the act, which provides for the suspension of licenses of uninsured drivers and which excludes any consideration of fault at a presuspension hearing, is violative of procedural due process. The court stated that the act must provide a procedure for determining the question whether there is a reasonable possibility of a judgment being rendered against the uninsured driver as a result of the accident. The court held that licenses are not to be taken away without procedural due process as required by the fourteenth amendment. See *Goldberg* v. *Kelly,* 397 U.S. 254; *Sniadach* v. *Family Finance Corporation,* 395 U.S. 337. Procedural due process is satisfied by an inquiry limited to the determination whether there is a reasonable probability that a judgment in the amounts claimed will be rendered against the licensee; the hearing need not be a full adjudication on the question of liability. The court in *Bell* v. *Burson,* supra, held (pp. 542, 543): "[U]nder Georgia's present statutory scheme [essentially identical to Connecticut's], before the State may deprive petitioner of his driver's license and vehicle registration it must provide a forum for the determination of the question whether there is a reasonable possibility of a judgment being rendered

against him as a result of the accident. . . . [W]e hold . . . that the failure of the present Georgia scheme to afford the petitioner a prior hearing on liability of the nature we have defined denied him procedural due process in violation of the Fourteenth Amendment."

*Bell* v. *Burson,* supra, was argued before the court on March 23, 1971, and decided on May 24, 1971. The arrest in the instant case took place on February 1, 1971, and we are faced with the initial question of the retrospective effect of the holding in *Bell* v. *Burson* to the facts in this case. Where the Supreme Court of the United States has not decided whether to give retrospective effect to one of its decisions, we must be guided by the law of this state as enunciated by the Supreme Court of Connecticut. Our Supreme Court has held that a decision of the court would apply only prospectively but would include any case where the final judgment had not yet been entered. *State* v. *Brown,* 160 Conn. 346, 355; *State* v. *Annunziato,* 154 Conn. 41, 44. The Supreme Court, however, subsequently held that the event complained of must have occurred following the court's decision, in order for that decision to be controlling. That was not the situation in the instant proceeding, where the suspension and the subsequent arrest for operating while under suspension both took place before the decision in *Bell* v. *Burson.* See, e.g., *State* v. *Brown,* supra; *Consiglio* v. *Warden,* 160 Conn. 151; *State* v. *Keeby,* 159 Conn. 201, cert. denied, 400 U.S. 1010.

Prior to *Bell* v. *Burson,* supra, the Connecticut financial responsibility statute, with its automatic suspension provision,[1] had been held constitutional

---

[1] Connecticut's financial responsibility law, with its automatic suspension provision, was amended by Public Acts 1971, No. 755, §§ 2, 3, to bring the Connecticut scheme within the ruling of *Bell* v. *Burson,* 402 U.S. 535. Section 14-117 (b) now provides that "no

by the Connecticut Supreme Court, the United States District Court and the United States Court of Appeals. *Dempsey* v. *Tynan,* 143 Conn. 202; *Perez* v. *Tynan,* 307 F. Sup. 1235 (D. Conn.); *Faron* v. *Tynan,* 320 F. Sup. 11 (D. Conn.), aff'd sub nom. *Latham* v. *Tynan,* 435 F.2d 1248 (2d Cir.), remanded, 404 U.S. 807. Counsel have presented no persuasive argument why we should take the extraordinary step and declare that *Bell* v. *Burson* should have retrospective effect. See *State* v. *Brown,* supra, 354 n.1.

In the present appeal the defendant has made five assignments of error, the import of most of which are directed to the applicability of the ruling in *Bell* v. *Burson,* 402 U.S. 535, to the instant case. The first pertains to the denial of the defendant's motion to dismiss and erase the judgment because it was illegal and void under *Bell* v. *Burson,* supra. Apart from the fact that the denial of a motion to dismiss is not assignable as error in a criminal case (*State* v. *Smith,* 149 Conn. 487, 489; *State* v. *Murphy,* 124 Conn. 554, 567; Maltbie, Conn. App. Proc. § 212), the above discussion of the *Bell* v. *Burson* holding disposes of that assignment. The second assignment concerns the failure of the court to charge the jury in accordance with the *Bell* v. *Burson* case. The fourth and fifth assignments of error relate to a ruling on evidence which excluded inquiry into the failure of the motor vehicle department to have a hearing prior to the issuance of a valid suspension notice to the defendant.

The third assignment of error was based on the assertion that the state failed to produce proof

such suspension shall be ordered unless the commissioner or any person or persons designated by him shall determine that there exists a reasonable possibility a judgment or judgments may be recovered against such owner or operator and only after such hearing as the commissioner may determine to be appropriate."

beyond a reasonable doubt that the license of the defendant was under suspension and that proper notice had been sent to the defendant. A review of the record discloses facts sufficient, if believed, to prove the statutory elements of driving while license is under suspension in violation of § 14-215 of the General Statutes.

There was no burden on the state to prove that the defendant had actual notice; constructive notice was sufficient under the statute. *State* v. *Baltromitis,* 5 Conn. Cir. Ct. 72.

There is no error.

In this opinion MISSAL and SPONZO, Js., concurred.