The plaintiff in this summary process action is a corporation which is in the process of converting the apartment building in which the defendant resides to a condominium. On September 29, 1979, the president of the corporation left notice of the intended conversion at the door of the defendant's apartment. The defendant was traveling abroad at the time and did not receive the notice personally. On April 28, 1980, the plaintiff served the defendant with notice to quit, preliminary to commencing this summary process action. The defendant moved to dismiss on the ground that the court lacked jurisdiction because the notice of intended condominium conversion was defective under General Statutes 47-88b (b).[1] The court granted the motion to dismiss and the plaintiff has appealed.
In its appeal the plaintiff raises three issues: (1) whether the delivery of notice of condominium conversion to the defendant's apartment door complied with the requirement of hand delivery in General *Page 656 
Statutes 47-88b (b); (2) whether, in the event that there was a technical defect in the delivery of notice, actual notice was sufficient; and (3) whether General Statutes 47-88b (b) applies where there is no written lease, but a month-to-month tenancy.
 I
The requirement for notice to the tenant of a condominium conversion is found in General Statutes 47-88b (b). On September 29, 1979, and prior to October 1, 1979, this provision required only sixty days' notice of the intended condominium conversion. This notice is required to be "hand delivered" or sent by "certified mail, return receipt requested." This statute was amended, as of October 1, 1979, by Public Acts 1979, No. 79-622, to require one hundred and eighty days' notice of the conversion. If the plaintiff's notice to the defendant was adequate, he would have come within the former provision, requiring only sixty days' notice. The issue is whether the term "hand delivered" requires delivery to be made personally to each tenant. We agree with the trial court that it does.
The plaintiff argues that because the legislature used the term "hand delivered" as opposed to "in the hands of," delivery by hand to the apartment door was sufficient. Any ambiguity in 47-88b (b), however, is eliminated by 47-88b
(e).[2] This latter section requires that the declarant of a conversion condominium file a certified statement, that the notice required by47-88b (b) was "mailed or delivered to each of the tenants in the building or buildings to be *Page 657 
converted." The use of the term "tenants" there indicates an intent by the legislature to have the delivery made personally to the occupant of the unit. "The intention of the legislature, expressed in the language it uses, is the controlling factor . . . ." United Aircraft Corporation v. Fusari, 163 Conn. 401,410, 311 A.2d 65 (1972). "Statutory language is to be given its plain and ordinary meaning unless such meaning is clearly at odds with the legislative intent." State v. Taylor, 153 Conn. 72,82, 214 A.2d 362 (1965), cert. denied,384 U.S. 921, 86 S.Ct. 1372, 16 L.Ed.2d 442 (1966). In the construction of statutes, words and phrases shall be construed according to the commonly approved usage of the language. General Statutes1-1 (a).
Another indication of the legislature's intent is found in the fact that in the Connecticut statute the terms "hand delivered" and "sent by certified mail, return receipt requested," have been used, rather than the terms "hand-delivered to the unit" and "mailed by prepaid United States mail" found in the Uniform Condominium Act.[3] This deliberate choice of language is evidence of a legislative intent to make the notice requirements more stringent than they were in the model act. The elimination of the phrase "to the unit" and the addition of the requirement of *Page 658 
certification that the notice was delivered to the tenants indicate that personal receipt is required.
 II
During the trial, evidence was presented that the defendant received actual notice of the condominium conversion during October, 1979. The plaintiff contends that even if there was a technical defect in the notice given, the defendant's actual knowledge of the conversion could be substituted for the statutorily described notice. We disagree. Compliance with the statutory procedure for notice is a prerequisite to any valid and effective action under the statute. Aurora v. Zoning Board of Appeals, 153 Conn. 623,625, 220 A.2d 277 (1966). "Where a specified mode of giving notice is prescribed by statute, that method is exclusive." 58 Am.Jur.2d, Notice 22; State v. Baltromitis, 5 Conn. Cir. Ct. 72, 77, 242 A.2d 99 (1967). Generally, where notification is required for some definitive purpose, and where valuable interests of the addressee are being destroyed, strict adherence to the prescribed procedure is required. 1 Merrill, Notice 509.
The service of proper statutory notice to the tenant under 47-88b (b) affects the tenant's interest in the leased premises by limiting or triggering certain rights given him under the condominium act. Under the law, as then written, the tenant had the exclusive right to contract for the purchase of his unit. Upon the failure to exercise such option, he was entitled to remain on the premises under the existing lease. Therefore, it is essential that the statutory formalities of serving notice be observed so that the tenant's rights will be established in fact and limited in time.[4] *Page 659 
 III
The plaintiff's final argument is that the notice requirement of 47-88b (b) is not a valid defense to a summary process action in the case of a month-to-month tenancy. This contention has no merit. The plaintiff cites 47-88b (f)[5], which prohibited eviction *Page 660 
"within the term of any existing lease for failure to purchase." This provision served to ensure that tenants with a lease which extended beyond the sixty-day period could not be evicted before the lease expired. In no way, however, does it contradict the notice provision of 47-88b (b) which entitles "each of the tenants" to a sixty-day notice of the condominium conversion. We have already ruled that proper statutory notice of the intended conversion was not given in this case. Therefore, no grounds for eviction under47a-23[6] existed.
 There is no error.
In this opinion SHEA and DALY, Js., concurred.