[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT CHRISTINE MORETTI'S MOTION TO DISMISS
Plaintiff Edward J. Nevins filed a one-count complaint against defendants Christine M. Moretti (Christine) and Arthur Moretti (Arthur), daughter and father, February 13, 1990. Plaintiff alleges that defendant Christine was the driver of an automobile owned by defendant Arthur which hit an automobile occupied by plaintiff. Plaintiff seeks damages for personal injuries.
As shown by the sheriff's return attached to the complaint, abode service of process was made as to both defendants on February 8, 1990 at 24 Crestview Drive, Uncasville, Connecticut.
Defendants entered an appearance on March 13, 1990, and on April 9, 1990, defendant Christine filed a motion to dismiss plaintiff's complaint as to her on the ground that she was not properly served with process, either in hand or at her usual place of abode. Both parties filed memoranda of law.
A motion to dismiss tests whether, on the face of the record, the court lacks jurisdiction. Upson v. State,190 Conn. 622, 624 (1983). Lack of jurisdiction, once raised, must be disposed of before the court can go any further. Castro v. Viera, 207 Conn. 420, 429 (1988) (citations omitted). The motion to dismiss is the proper way to assert insufficiency of service of process. Connecticut Practice Book Section 143(5) (rev'd to 1978, as updated to October 1, 1990). Defects in service or process may affect a court's jurisdiction over a person. Bridgeport v. Debek, 210 Conn. 175, 180 (1989).
I. ABODE SERVICE OF PROCESS
Process must be served on an individual resident of this state by leaving it with the defendant or at his usual place of abode in this state. Connecticut General Statutes Section 52-57 (a). "The usual place of abode is generally considered to be the place where the person is living at the time of service." Grant v. Dalliber, 11 Conn. 234, 238 (1835). Plonski v. Halloran, 36 Conn. Sup. 335, 336 (Super.Ct. 1980). A usual place of abode does not mean domicile. Clegg v. Bishop, 105 Conn. 564, 570 (1927). Abode service both confers jurisdiction and gives notice. Smith v. Smith, 150 Conn. 15,20 (1962).
Where the sheriff's return shows abode service in Connecticut, the burden rests on the defendant to prove CT Page 6674 insufficiency of service of process. Boyd v. Payne, 5 CSCR 279
(April 10, 1990, Purtill, J.), citing Standard Tallow Corp. v. Jowdy, 190 Conn. 48, 52 (1983).
Where a motion to dismiss "is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue and need not conclusively presume the validity of the allegations of the complaint." Barde v. Board of Trustees, 207 Conn. 59, 62 (1988) (citation and footnote omitted).
 (A)ffidavits (however) are insufficient to determine the facts unless they disclose that no genuine issue as to a material fact exists. . . . When issues of fact are necessary to the determination of a court's jurisdiction, due process requires that a trial-like hearing be held, in which an opportunity is provided to present evidence and to cross-examine adverse witnesses.
Standard Tallow Corp., 190 Conn. at 56.
Where the defendant can show that process was left at a place other than his usual place of abode, "the court must find that there was no service of process and that it acquired no jurisdiction over the person of the defendant which would authorize it to render a valid judgment against him." Uyen Phan v. Delgado, 41 Conn. Sup. 367, 370 (1990, Hammer, J.).
Defendant Christine has submitted a sworn affidavit that she did not reside at 24 Crestview Drive, Uncasville, Connecticut, on February 8, 1990, as she married, changed her name and moved out of the residence located at that address in March of 1989. The plaintiff has produced no evidence to the contrary. Christine argues that because she did not reside at the abode where process was served, the service did not comply with the statute (Sec. 52-57 (a)) and therefore was insufficient. Christine further argues that because service of process was insufficient, the Court lacks personal jurisdiction over her, and therefore that portion of plaintiff's complaint which is directed against her must be dismissed.
The plaintiff submitted a sworn affidavit from the sheriff making service stating the following: He knew of his own knowledge that the "Arthur Moretti family lived at that CT Page 6675 address. He inquired of the Connecticut Department of Motor Vehicles (DMV) and learned that Christine listed her address at 24 Crestview Drive. Acting upon the summons and the information obtained from the DMV, he left a copy of the summons and complaint for Christine at the Arthur Moretti family home, 24 Crestview Drive, Uncasville, Connecticut. Based upon the information available to him and the general public by virtue of the motor vehicle laws, 24 Crestview Drive appeared to him to be Christine's usual abode.
Plaintiff argues that because Christine failed to report her change of address to the DMV, Christine's family's address continued to be her abode for purposes of service of process. Plaintiff argues that the sheriff was allowed to rely on DMV records and that service of process upon Christine at 24 Crestview Drive was proper.
The facts submitted make it clear that defendant Christine no longer resided at those premises when service was made. Since 24 Crestview Drive was not her usual place of abode, the service of process to confer jurisdiction over her person was insufficient.
II. ESTOPPEL
However, the plaintiff argues that even though the service upon Christine may have been insufficient, Christine is estopped from asserting such insufficiency.
A defendant may, by her conduct, be estopped from claiming that proper service was not made. 72 C.J.S. Process Sec. 99. Plaintiff argues that it was Christine's failure to comply with Connecticut General Statutes Section 14-45, which requires individuals holding driver's licenses issued by the State of Connecticut to report a change in address within 48 hours of moving, which caused the sheriff to serve process upon Christine at 24 Crestview Drive. Plaintiff argues that Christine should not be allowed to defeat the Court's jurisdiction over her person by her non-compliance with a state statute.
The purpose of Connecticut General Statutes Section14-45 is to identify drivers and facilitate communication with them. State v. Baltromitis, 5 Conn. Cir. Ct. 72, 78 (1967). The state may rely on an address provided by a licensee to be accurate when mailing information to a licensee regarding his driver's license. Id. at 76-77. The purpose of that statute (Sec. 14-45) is not to provide an alternate method for service of civil process. CT Page 6676
Service of civil process may be made on a motor vehicle operator licensed in Connecticut in accordance with the statutory provisions of Sec. 52-63. ". . . if (1) it is impossible to make service of process at the operator's last address on file in the motor vehicle department, and (2) the operator has caused injury to the person or property of another." Connecticut General Statutes Section 52-63 (b) (rev'd to 1991). This statute is designed to protect plaintiffs from defendants who move without reporting their new addresses to the Department of Motor Vehicles. By providing for an alternative method of service of process, the legislature made adequate provision to protect plaintiffs from such noncomplying motor vehicle operators, as Sec. 52-63 (a) appoints the Commissioner of Motor Vehicles such operator's attorney for acceptance of service of process.
The sheriff made no inquiry with respect to Christine's residence at the address in question. The plaintiff points to no case where failure of a motor vehicle operator to notify the Commissioner of Motor Vehicles was held to be an estoppel. Mere inaction, without more is insufficient to constitute an estoppel. Moreover, "it is fundamental that a person who claims estoppel must show that he exercised due diligence to know the truth and that he not only did not know the true state of things but also lacked any reasonably available means of acquiring knowledge." Novella v. Hartford Accident Indemnity Co., 163 Conn. 552, 565 (1972). The plaintiff has not met his burden of proving estoppel.
As the plaintiff failed to make sufficient service of process on the defendant Christine Moretti, the complaint as to her is dismissed.
TELLER, J.