1998 ME 78

### Judith A. SEIDER

v.

### BOARD OF EXAMINERS OF PSYCHOLOGISTS.

Supreme Judicial Court of Maine.

Submitted on Briefs Jan. 16, 1998.
Decided April 17, 1998.

Christopher C. Taintor, Norman, Hanson & DeTroy, Portland, for plaintiff.

Andrew Ketterer, Attorney General, Judith M. Peters, Asst. Atty Gen., Augusta, for defendant.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, DANA, LIPEZ, and SAUFLEY, JJ.

RUDMAN, Justice.

[¶ 1] Judith A. Seider appeals from the judgment entered in the Administrative Court (*Beaudoin, C.J.*) dismissing her petition for review of a decision of the Board of Examiners of Psychologists ("Board") on the basis that the statutory time period for review had expired. Seider contends that the court erred as a matter of law because she never received the statutorily mandated notice of her right to appeal and thus the period within which she could bring an appeal had not begun to run. We agree and vacate the judgment.

[¶ 2] On July 14, 1995, following an adjudicatory hearing before the Board of Examiners of Psychologists, Seider was found to have committed fifteen ethical violations, was suspended from practicing psychology for six months, and was placed on probation for three years. The copy of the Board's order sent to Seider and her attorney did not include written notice of Seider's appellate rights as required by 5 M.R.S.A. § 9061 (1989). Although Seider's attorney notified the Board of this defect in December, 1996, the Board did not supply Seider or her attorney with a written notice of her appellate rights.

[¶ 3] The administrative court found that Seider had actual notice of her appellate rights as of December 23, 1996. On April 4, 1997, Seider filed a Petition for Review of the Board's Decision and Order in the Administrative Court. The court dismissed the petition, concluding that the period during which an appeal could be taken began running on the date Seider received notice of the Board's Decision and Order, regardless of whether the Decision and Order contained notice of her appellate rights.[1] This appeal followed.

[¶ 4] Section 11002 of Maine's Administrative Procedure Act (APA) states, in relevant part, that a "petition for review [of final agency action] shall be filed within 30 days *after receipt of notice* if taken by a party to the proceeding of which review is sought." 5 M.R.S.A. § 11002(3) (1989) (emphasis added). Section 9061 of the APA sets forth the statutory requirements for an agency's notice of decision and reads in relevant part:

Every agency decision made at the conclusion of an adjudicatory proceeding shall be in writing or stated in the record, and shall include findings of fact sufficient to apprise the parties and any interested member of the public of the basis for the decision. A copy of the decision shall be delivered or

---

1. The court noted in its decision that Seider failed to "show[ ] any prejudice resulting to her from the Board's omission [of written notice of her appellate rights] ... [or] that her untimely appeal had anything to do with lack of notice." The court also reasoned that because Seider's counsel was aware of Seider's appellate rights as of December, 1996, she was not prejudiced by the Board's failure to provide her with written notice of her appellate rights. The court concluded by adding that Seider had received actual notice of her appellate rights by December 23, 1996, and thus her April, 1997, appeal was untimely.

promptly mailed to each party to the proceeding or his representative of record. *Written notice of the party's rights to review or appeal of the decision within the agency or review of the decision by the courts, as the case may be, and of the action required and the time within which such action must be taken in order to exercise the right of review or appeal, shall be given to each party with the decision.* (emphasis added).

[¶ 5]  We have previously considered the implications of non-compliance with mandatory statutory notice requirements. In *Givertz v. Maine Medical Center,* we stated that, notwithstanding the fact that a statutory notice requirement may be couched in terms of the mandatory "shall," certain statutory requirements respecting the details of the notice of claim, such as its verification and service, could be regarded as directory. 459 A.2d 548, 554 (Me.1983). We concluded, however, that the language of a statutorily-required notice must be given mandatory, not directory, effect when such language is "of the very essence of giving notice" or if the rights of the interested parties would be prejudiced. *Id.* at 554. Because written notice of appellate rights pursuant to section 9061 is "of the very essence" of that section's notice requirement, and because the rights of an affected party may be prejudiced without such written notice, we hold that the Board's failure to provide written notice tolls the running of the statutory appeals period. *See Town of Freeport v. Greenlaw,* 602 A.2d 1156, 1161 (Me.1992) (notice required by the APA "to be effective in triggering the running of an appeal period ... should refer to the provisions of the ordinance allegedly being violated, *inform the violator of the right to dispute the order and how that right is exercised by appeal, and specify the consequences of the failure to appeal* ") (emphasis added); *cf. Savings & Loan Assoc. of Bangor v. Tear,* 435 A.2d 1083, 1086–87 (Me.1981) (insurance cancellation ineffective when notice of cancellation failed to include statutorily required notice of the right to a hearing before superintendent of insurance).

[¶ 6]  We decline to interpret section 9061 so as to strike "written" from that section's "written notice" requirement as if it were a mere technicality. *See Faucher v. City of Auburn,* 465 A.2d 1120, 1123 (Me.1983) (questioning the accuracy and potential for distortion of oral notice); *Maciborski v. Chase Service Corp. of Arizona,* 161 Ariz. 557, 779 P.2d 1296, 1300 (Ct.App.1989) ("It is particularly true that where a statute details how to give notice, the statute must be strictly followed."); *Glenn Chaffer, Inc. v. Kennedy,* 37 Conn.Supp. 654, 433 A.2d 1018, 1020–21 (1981) ("Where a specified mode of giving notice is prescribed by statute, that method is exclusive") (internal citation omitted); 58 Am.Jur.2d *Notice* § 30 (1989) ("If a statute requires a written notice, an actual oral notice is insufficient....").  To do so would burden the courts with the imprecise inquiry of whether a party receiving defective notice nonetheless was appraised, orally or otherwise, of the substance of that party's appellate rights—a result no less burdensome to the administrative process than the extension of the appeal period for those not receiving notice.

[¶ 7]  For a party facing the seeming finality of an administrative adjudication, written notice of appellate rights serves to inform and to educate. *See Town of Freeport,* 602 A.2d at 1160 (requisite notice of appellate rights serves to inform party of the right to appeal, to whom an appeal must be taken, and the consequences of the party's failure to appeal).  Our insistence upon the provision of written notice of appellate rights prior to the running of the appellate period respects the legislative intent to ensure that parties receive adequate notice and information to exercise their right to appellate review.  Balancing the importance of full notice against the burden of providing it leads to only one proper result in those instances in which notice has been so substantively inadequate.

The entry is:

Judgment vacated.  Remanded for consideration of Judith A. Seider's Petition for Review.

CLIFFORD, Justice, dissenting, with whom LIPEZ, Justice, joins.

[¶ 8]  The Maine Administrative Procedure Act provides that judicial review of an

administrative agency action must be taken within 30 days after receipt of notice of the decision of the agency. 5 M.R.S.A. § 11002(3) (1989). The Court's decision, in this case, however, allows Dr. Seider, who was continually represented during the Board's hearing and thereafter with competent attorneys, to file an appeal twenty months after she received notice of the Board's decision, and four months after her attorney actually communicated with the Board concerning notice of her appeal rights.

[¶ 9] The purpose of a requirement such as that in 5 M.R.S.A. § 9061 (1989) that an administrative decision must provide written notice of rights of appeal is to insure that parties are fully apprised of their appeal rights. *See Owens v. Second Baptist Church of LaGrange*, 163 Ill.App.3d 442, 114 Ill.Dec. 557, 560, 516 N.E.2d 712, 715 (1987). The law also insures that appeals are filed and dealt with promptly by the Administrative Court.

[¶ 10] In December of 1996, Dr. Seider's attorney contacted the Board to inform it that Dr. Seider had not received written notice of her appeal rights. The attorney was acting with full knowledge of her right to an appeal, and in my view, that contact was the equivalent of a written notice. From that time on, no further purpose of the notice requirement was being served and Dr. Seider must be charged with full knowledge of her appeal rights.

[¶ 11] This Court, however, elevates the importance of the written notice to a level that results in Dr. Seider having an *unlimited* time in which to file her appeal. In these circumstances, Dr. Seider should not be allowed to invoke a provision in the law intended as a shield to protect people unaware of their rights of appeal, and use it as a sword to extend her appeal period over one and a half years. I would affirm the judgment of the Administrative Court.