[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO DISMISS
The plaintiff commenced this action for money damages as a result of an automobile accident which occurred on a public highway in Laurence, South Dakota on April 11, 1996.
Both the plaintiff and defendant are residents of Connecticut.
Service was made by abode service upon the defendant at a Trumbull address.
The defendant has filed this motion to dismiss citing a lack of jurisdiction for the reason that at the time the abode service was effectuated, March 24, 1997, the defendant did not live at that address. He argues that neither personal nor abode service as required by Sections 52-54 and 52-57a, Conn. General Statutes was obtained by the plaintiff.
He filed an affidavit in support of his motion which states "On March 24, 1997, and for some time prior to that date, I did not reside at 58 Greyrock Road, Trumbull, Connecticut."
The plaintiff argues that at the time of service, the defendant listed this address as his residence on his motor vehicle registration and also on his voter registration. The plaintiff also argued that the plaintiff received actual notice of service. The residence in question is owned by the defendant's mother. Those claims are unrefuted by the defendant. He offered no other evidence or testimony.
In the final analysis, the determination of one's usual place of abode is a question of fact and the court may consider various circumstances. Plonski vs. Halloran, 36 Conn. Sup. 335, 336
(1980).
Our Supreme Court has held that "the most prominent purpose of the law prescribing the modes of serving civil process was to ensure actual notice to defendants. Clegg vs. Bishop,105 Conn. 564 (1927).
When a motion to dismiss for lack of personal jurisdiction raises a factual question which is not determinable from the face of the record, the burden of proof is on the plaintiff to present evidence which will establish jurisdiction. Standard TallowCorporation vs. Jowdy, 190 Conn. 48, 54 (1983). CT Page 15274
The defendant failed to notify the Commissioner of Motor Vehicles within 48 hours of his change of address as he is required to do under Section 14-45, Conn. General Statutes. The court finds that this failure is some indicia of whether or not the defendant did indeed relocate from that address. Also, it goes to the equitable issue of whether the plaintiff was mislead by the defendant and whether or not the plaintiff had a reasonable right to expect that the defendant lived where he stated he did on his automobile registration.
The purpose of Section 45-15 is the identification of drivers and facilitating communication with them. State of Connecticutvs. Baltromitis, 5 Conn. Cir. Ct. 72 (1967).
For the foregoing reasons the motion to dismiss is denied.
By the Court
Joseph W. Doherty, Judge