STATE OF MAINE                           SUPERIOR COURT
PENOBSCOT, ss.                           DOCKET NO. AP-02-11

DONALD L. GARBRECHT
LAW LIBRARY

ROBERT BERTA,                    )
                                 )
          Petitioner             )
                                 )
                                 )                    OCT 29 2002
          v.                     )      JUDGMENT
                                 )
J. DUKE ALBANESE, Commissioner   )      FILED & ENTERED
MAINE DEPARTMENT OF EDUCATION,   )      SUPERIOR COURT
M.S.A.D. NO. 48, and NOKOMIS REGIONAL )
HIGH SCHOOL,                     )          OCT 24 2002
                                 )
          Respondents            )      PENOBSCOT COUNTY

Pending before the Court is Robert Berta's (the "Petitioner") Rule 80(c) Petition seeking review of J. Duke Albanese's, Commissioner of the Maine Department of Education, (the "Commissioner") decision denying his request for forfeiture resulting from Superintendent William Brown's (the "Superintendent") failure to provide written notice of his decision not to renew the his teaching contract pursuant to 20-A M.R.S.A. §13201. For the foregoing reasons the Commissioner's decision is affirmed.

## Background

The Petitioner worked as a first year probationary teacher at Nokomis Regional High School during the 2000-2001 school year. On April 30, 2001, Principal Daniel Mills met with the Petitioner and indicated he would not recommend the Superintendent renew his contract. Principal Mills gave the Petitioner a copy of a Summary Evaluation that stated, "Recommendation: I cannot recommend the [sic] Mr. Berta be granted a second probationary contract." Principal Mills either offered the Petitioner the opportunity to resign or informed him if he did not resign his contract would not be renewed. Mr. Berta received a copy of the recommendation but did not sign it.

On either April 30 or May 1, the Superintendent met with the Petitioner and confirmed that he was not nominating him for another teaching contract. At this time the Petitioner stated he did not intend to resign. The Superintendent did not notify the Petitioner in writing of his decision, however, it was clear to all involved the nature and basis of the decision. On May 1, 2001, the Board of Directors of Maine School

1

Administrative District No. 48 met to act upon probationary teacher nominations. The list of probationary teachers did not include the Petitioner.

On October 1, 2001, the Petitioner filed a complaint with the Commissioner stating he had never received written notice of the Superintendent's decision pursuant to 20-A M.R.S.A. §13201 and was now seeking statutory forfeiture. After investigating the complaint the Commissioner issued a decision on April 11, 2002, denying the Petitioner's request for forfeiture. The Commissioner ruled he had received oral and actual notice of the Superintendent's decision satisfying the notice requirement and therefore forfeiture was inappropriate. The Petitioner then filed the present petition.

## Arguments

The Petitioner contends the Superintendent's oral notice regarding the non-renewal of his contract was insufficient and did not satisfy the notice requirements contained in 20-A M.R.S.A. §13201 (the "Statute").

The Commissioner and the Maine School Administrative District No. 48 (the "Respondents") contend the Petitioner's appeal is not timely. On the merits, the Court must strictly construe the statute because it is penal in nature and not extend the language beyond its plain meaning. The Court should find the Petitioner's oral and actual notice satisfied the notice requirements of the Statute. The Statute contains two separate clauses and the clause containing the provision for forfeiture does not require written notice.

## Discussion

**Timely Appeal**

The record indicates the Petitioner filed a petition pursuant to M.R. Civ. P. Rule 80(b) on May 10, 2001. The Petitioner filed this Complaint within the time provided by the Administrative Procedure Act and M.R. Civ. P. Rule 80(b). Rule 80(b) allows the courts to freely grant leave to amend the pleadings. On May 20, 2001, the Petitioner amended the title of the petition to reflect review under M.R. Civ. P. Rule 80(c). As the Petitioner filed the original petition within the appropriate time-period, and the rules contemplate liberal amendments, the Petitioner's amended petition is not time bared.

**Penal Nature**

The Respondents contend the court must construe 20-A M.R.S.A. §13201 strictly because it is penal in nature. The Supreme Court in <u>Hudson v. United States</u>, 522 U.S. 93,

118 S.Ct. 488 (1997) developed the "intent-effect" test to determine whether a penalty is criminal or civil. State v. Haskell, 2001 ME 154, ¶8, 784 A.2d 4. Initially determining whether a particular punishment is civil or criminal is a matter of statutory construction. Id. A court must determine if the legislature, in creating the penalty intended to create a civil or penal penalty. Id. The Court must then decide if regardless of the legislative intent, the penalty is so punitive that it warrants designation as penal. The individual attempting to override legislative intent must show this by the "clearest proof". Id.

The legislature placed 20-A M.R.S.A. §13201 in the civil code, and the legislature's intended purpose was to ensure that superintendents provided teachers with appropriate notice of hiring decisions. In theory, a criminal sanction serves to "punish" an individual for violating a legal norm, while civil sanctions serve to coerce, regulate or compensate. Cooke v. Naylor, 573 A.2d 376, 377 (Me. 1990). The forfeiture provision seeks to both coerce superintendents into providing notice and compensate and individual who did not receive notice. In this case the legislature intended to enact a civil penalty. However, the court must decide whether the statute's purpose or effect is so punitive that it transforms what the legislature intended as a civil remedy into a criminal penalty. State v. Haskell, 2001 ME 154, ¶8.

Courts deem fines, reasonable in nature, as civil penalties because they have a remedial, not punitive, purpose. State v. Anton, 463 A.2d 703, 707 (Me. 1983). The fact that a penalty may secondarily deter behavior does not transform the penalty into a criminal sanction. Department of Environmental Protection v. Emerson, 616 A.2d 1268, 1270 (Me. 1993). The Respondents offer no clear proof that 20-A M.R.S.A. §13201 is so punitive that it negates the Legislature's civil intent.

**Standard of Review**

Courts review an agency's decision for abuse of discretion, errors of law, or findings not supported by the evidence. Hopkins v. Department of Human Services, 2002 ME 129, ¶8, 802 A.2d 999. The Petitioner claims the Commissioner committed an error of law when he ruled that actual oral notice satisfied the statutory notice requirement. Petitioner has the burden to show the Commissioner's decision was an error of law. Freyburg Health Care Center v. Department of Human Services, 1999 ME 122, ¶7, 734 A.2d 1141. Courts give weight to an agency's interpretation of an ordinance it

administers, and only overrules the interpretation if the language of the statute compels a contrary result. <u>Griffin v. Town of Dedham</u>, 2002 ME 105, ¶7, 799 A.2d 1239.

Courts interpret statutes in order to give effect to legislative intent and in doing so construe the terms reasonably with regards to the objectives and structure of the statute. <u>Id</u>. Statutory interpretation is a question of law that Courts afford de novo review. <u>In re Jeremiah Y</u>, 2002 ME 135, ¶7, 804 a.2d 357. Specific statutory provisions take precedence over general provisions. <u>Armstrong v. Town of Cape Elizabeth</u>, 2000 WL 33675379, *6 (Me. Super. 2000) (quoting <u>Zeigler v. American Maize-Products Co.</u>, 658 A.2d 219, 222 (Me. 1995). Courts apply the interpretive principle of ejusdem generis when interpreting a general provision in a statute that contains a more specific provision. <u>New Orleans Tanker Corporation v. Department of Transportation</u>, 1999 ME 67, ¶7, 728 A.2d 673. However, when the meaning of the language in a statute is plain, the Court interprets the statute to mean exactly what it says. <u>Kimball v. Land Use Regulation Commission</u>, 2000 ME 20, ¶18, 745 A.2d 387. When the legislature chooses clear language the court does not look behind those words to ascertain legislative intent. <u>Id</u>.

**Notice**

20-A M.R.S.A. §13201 states in relevant part:

Prior to May 15th before the expiration of a first or 2nd year probationary teacher's contract, the superintendent shall notify the teacher in writing of the superintendent's decision to nominate or not nominate that teacher for another teaching contract. If, after receiving a complaint from a teacher, the commissioner finds that the superintendent has failed to notify a teacher of a decision not to nominate that teacher, the school administrative unit shall pay a forfeiture to the teacher. The amount of that forfeiture shall be equal to the teacher's per diem salary rate times the number of days between the notification deadline and the date on which notification is made or on which the complaint is filed, whichever occurs first.

The Petitioner contends the statute entitles him to forfeiture because he never received written notice of the Superintendent's decision. The Respondents note the forfeiture clause does not contain the more detailed "written notice" qualifier and therefore "written notice" is not required to avoid the forfeiture. The Petitioner did not receive written notice, however the Petitioner did receive actual timely notice. This notice allowed the Petitioner to begin looking for another job, which he did, and allowed the Petitioner to make an informed decision regarding any appeals, which he did.

4

The legislature drafted two separate sentences. The first sentence directed superintendents to provide written notice to teachers. Written notice leaves no room for misinterpretation and creates a record for appeal. However, the first sentence does not provide a penalty for failing to comply. The legislature only provides a penalty for failing to provide any notice at all. Failing to provide any notice would not allow the teacher to make alternate employment plans, an appropriate situation for sanctions. Viewed with the appropriate deference to the Commissioner's interpretation, and the Petitioner's burden in mind, the statute in question does not clearly compel a contrary result. Therefore, written notice is preferred but sanctions only apply if a superintendent provides no notice at all, thus prejudicing the teacher.

The result would be the same even if the "written" requirement applied to the forfeiture provision. Respondents argue that since the Petitioner received actual oral notice, and written notice from the Principal, they have satisfied the notice requirement. A technical violation of a statutorily prescribed manner of notice is not necessarily fatal. Fleming v. Department of Corrections, 2002 ME 74, ¶10, 795 A.2d 692. When defective notice does not prejudice the party receiving the notice a court may disregard failure to comply with strict notice requirements. Id. Even though notice requirement contains the mandatory term "shall", the Court can regard certain statutory requirements respecting the details of the notice as directory. Seider v. Board of Examiners of Psychologists, 1998 ME 78, ¶5, 710 A.2d 890. It is undisputed in this case that the notice did not prejudice the Petitioner and therefore to the court may disregard a failure to comply with the notice requirement.

The Court must give the language of statutorily required notice mandatory, not directory, effect when such language is "of the very essence of giving notice". Id. The Court in Seider declined to strike the "written" from the notice requirement. However, cases that refuse to strike "written" from notice requirements deal with statutory rights to appeal. The notice provision in the present statute only serves to inform a teacher of future employment status. Considering the above-discussed statutory construction, and in light of the Petitioner's burden, it is clear that "written" was not the essence of the notice in this case and the Court could disregard the failure to comply with the "written" requirement if it applied to the forfeiture provision.

5

THE DOCKET ENTRY IS:

> The Commissioner's decision denying Mr. Berta's request for forfeiture is affirmed.

The clerk is ordered to incorporate this decision into the docket by reference.

_____
Justice, Superior Court

DATED:      October 24, 2002.

Date Filed __05/10/2002__      PENOBSCOT _____      Docket No. __AP-2002-11_____

County

Action ___~~80B Appeal~~ 80C APPEAL **amended 5/22/02**_____

**ASSIGNED TO JUSTICE JEFFREY L. HJELM**
Justice Hjelm RECUSED      RE ASSIGNED TO JUSTICE ANDREW M. MEAD

<table>
<tr><td rowspan="2">ROBERT BERTA</td><td rowspan="2">VS.</td><td>(amended 5/22/02) J. DUKE ALBANESE, COMMISSIONER, MAINE DEPARTMENT OF EDUCATION, MAINE SCHOOL ADMINISTRATIVE DISTRICT #48 and NOKOMIS REGIONAL HIGH SCHOOL</td></tr>
</table>

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| DONALD F. BROWN, ESQ<br>36 PEN PLAZA<br>BANGOR, ME 04401 | SARAH A. FORSTER, AAG<br>6 STATE HOUSE STATION<br>AUGUSTA, ME 04333-0006<br>FOR: J. DUKE ALBANESE, COMMISSIONER, MAINE DEPARTMENT OF EDUCATION |
| | DRUMMOND WOODSUM & MACMAHON<br>P O Box 9781, Portland ME 04104-5081<br>BY: Harry R Pringle, Esq.<br>FOR: MSAD #48 and Nokomis Regional High School |

| Date of Entry | |
|---|---|
| 5/10/02 | Complaint (80B Review) filed. (attachment attached) |
| 5/13/02 | Case File Notice forwarded to Plaintiff's attorney. |
| 5/13/02 | Notice and Briefing Schedule 80B Appeal of Governmental Actions filed. Copy forwarded to Plaintiff's Attorney. |
| 5/22/01 | Amended Complaint Petition for 80C Review. |
| 06/04/02 | Certification of Record filed. |
| 6/5/02 | Notice and Briefing Schedule 80C Appeal of Final Agency Actions filed. Copy forwarded to all attorneys of record. |
| 6/5/02 | Acknowldegment of Receipt of Summons as to Defendant Maine School Administrative District #48 filed. (s.d. 5/24/02 by Harry Pringle, Esq.) |
| 6/5/02 | Certified Mail Receipt as to J. Duke Albanese, Commissioner, Maine Dept of Education filed. (s.d. 5/22/02 of Amended Complaint/Petition for 80C Review). |
| 6/5/02 | Certified Mail Receipt as to Attorney General's Office filed. (s.d. 5/22/02 of Amended Complaint/Petition for 80C Review). |
| 6/6/02 | Notice of Appearance filed by Harry R. Pringle, Esq. on behalf of Maine School Administrative District No 48 and Nokomis Regional High School. |
| 6/6/02 | Copy of Notice and Briefing Schedule 80B Appeal of Governmental Actions forwarded to counsel for M.S.A.D #48 and Nokomis Regional High School. |