STATE OF MAINE
CUMBERLAND, ss.



SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-03-78
REC-CUM-6/9/2004

DAVID RANDALL and
CATHERINE RANDALL,

Petitioners

v.

THE TOWN OF HARRISON, MAINE,

Respondent

ORDER ON 80B REVIEW

DONALD L. GARBRECHT
LAW LIBRARY

JUN 17 2004

Petitioner seeks judicial review of the Decision and Order of the Town of Harrison Board of Appeals' denial of Petitioner's variance request.

## FACTUAL BACKGROUND

Plaintiffs David and Catherine Randall purchased a marina on the shore of Long Lake near the center of Harrison in June 2001. On September 8, 2003 Mr. Randall applied for a variance to add on to two existing docks at the marina. One dock would be lengthened by forty-eight feet (for a total of one hundred and forty four feet) and another dock (the "gas dock") would have its thirty-two foot length doubled (for a total of sixty four feet). Under the ordinance, "[n]o pier, docks, or slips shall extend more than 48 feet from the normal high water mark." Harrison, Me. Shoreland Zoning Ordinance § 15(C)(6) (adopted June 30, 1992 and last amended June 13, 2002).

The Harrison Board of Appeals ("Board") initially granted the variance for both docks, but after the Harrison Board of Selectmen timely requested reconsideration, the variance was denied on November 6, 2003.

1

This action, couched as a Rule 80B petition for review of the decision of the Town of Harrison Board of Appeals to deny plaintiff a variance, questions the legitimacy of the Town of Harrison Shoreland Zoning Ordinance ("Ordinance") to regulate in or over the waters of Long Lake.

Plaintiffs argue that Harrison lacked jurisdiction to regulate the docks because prior to April 17, 2003 the border between Harrison and the Town of Bridgton was on the easterly shore (the Harrison shore) of Long Pond.[1]

Plaintiffs argue that because Harrison did not readopt its ordinance subsequent to the effective date of the relocation of the border it was without jurisdiction to regulate plaintiffs' dock extensions.

Plaintiffs also assert that they never received written notice of denial of their application for a variance and therefore pursuant to 30-A M.R.S.A. § 2691(3)(E) the decision should be overturned.

## DISCUSSION

### Jurisdiction of the Harrison Board of Appeals

On appeal, this court independently examines the record and reviews the decision of the municipality for "error of law, abuse of discretion, or findings not supported by substantial evidence in the record." *Yates v. Town of Southwest Harbor,* 2001 ME 2, ¶10, 763 A.2d 1168, 1171 (*citing Sproul v. Town of Boothbay Harbor,* 2000 ME 30,8, 746 A.2d 368, 372. The substantial evidence standard requires the court to examine the entire record "to determine whether on the basis of all the testimony and exhibits before the [board] it could fairly and reasonably find the facts as it did." *Ryan v. Town of Camden,* 582 A.2d 973, 975 (Me. 1990) (quoting *Seven Islands Land Co. v. Maine Land Use*

---

[1] After April 17, 2003 "an Act To Revise the Boundary between the Town of Harrison and the Town of Bridgton," P. & S.L. 2003, ch. 5, became effective, establishing the border between the towns in the center of the lake.

2

*Regulation Comm.*, 450 A.2d 475, 479 (Me. 1982)). The court is not permitted to "make findings independent of those explicitly or implicitly found by the board or [to] substitute its judgment for that of the board." *Perrin v. Town of Kittery*, 591 A.2d 861, 863 (Me. 1991). "The board's decision is not wrong because the record is inconsistent or a different conclusion could be drawn from it." *Twigg v. Town of Kennebunk*, 662 A.2d 914, 916 (Me. 1995). To prevail, the plaintiff must show "not only that the board's findings are unsupported by record evidence, but also that the record compels contrary findings." *Total Quality v. Town of Scarborough*, 588 A.2d 283, 284 (Me. 1991).

In questioning the Town of Harrison's jurisdiction, plaintiffs rely on the logic that a town may only regulate that which is within the town. At the time Harrison adopted its ordinance[2] the waters of Long Lake were not within the Town of Harrison.

Plaintiffs also rely on a 1986 Maine District Court decision, *Inhabitants of the Town of Boothbay Harbor v. Henry Sirois*, 86-CV-102 (Me. Dist. Ct. 6, Lincoln 31, 1986) (Pease, J.), that found an ordinance that prohibited construction of structures on land within 75 feet of the normal high water mark invalid because the Town had acted *ultra vires*. Plaintiffs rely on *Sirois* to support their proposition that defendant acted beyond the limits of its geographic authority and hence *ultra vires*.

Although not binding on this court, we examine the *Sirois* decision for its proposition that ordinances drafted before a municipality is empowered to regulate are not valid. *Sirois*, 86-CV-102, at page 4.

Defendant answers the argument raised by *Sirois* by noting that the ordinance in question in *Sirois* was held *ultra vires* because it was adopted before the legislature extended <u>authority</u> to the town to regulate whereas the Harrison ordinance was

---

[2] Adopted on June 30, 1992 and most recently amended on June 13, 2002.

3

adopted well after such authority was extended to all towns. *See,* 38 M.R.S.A. § 439-A(2) (effective January 1, 1989).

This court examines the "Applicability" provision of the Town of Harrison's ordinance and finds that the ordinance applies to "all land areas within 250 feet, horizontal distance, of the normal high-water line of any great pond . . . [t]his ordinance also applies to any structure built on, over or abutting a dock, wharf or pier, or other structure extending or located beyond the normal high-water line of a water body or within a wetland." Harrison, Me. Shoreland Zoning Ordinance § 3 (adopted June 30, 1992 and last amended June 13, 2002).

The court finds that the Harrison ordinance was written with sufficient flexibility to cover all shoreland zones within the town and automatically extended regulatory jurisdiction to the middle of Long Lake when the town border was moved by Legislative enactment five months before the Randalls applied for this variance. "[T]he Legislature may establish and change the boundaries of towns at will." *Shawmut Mfg. Co. v. Benton,* 123 Me. 121, 124, 122 A. 49, 50 (1923).

Plaintiffs offer no authority to refute defendant's assertion that the jurisdiction of the ordinance and hence the jurisdiction of the Board is conterminous with and expands or (by the same logic) contracts with the borders of the municipality.

By plaintiffs' logic the United States would have to readopt all federal laws (and perhaps the Constitution) with the admission of each new state or territory. Speaking to the question of the effect of annexation upon the reach of municipal ordinances in particular, the United States Supreme Court has stated: "The ordinances of the city extended over the annexed territory immediately upon annexation." *Blair v. Chi.,* 201 U.S. 400, 489 (1906). This court finds that the ordinance, not limited by metes and

4

bounds, expanded the Board's jurisdiction to cover the new territory added to Harrison by the enactment of P. & S.L. 2003, ch. 5.

## Sufficiency of Board decision – lack of written notice

Plaintiffs cite a recent Law Court ruling for the proposition that because they never received written notice of denial of their application for a variance on reconsideration, the Board's decision was insufficient pursuant to 30-A M.R.S.A. § 2691(3)(E) and Maine Freedom of Access law and should be overturned. *Carroll v. Town of Rockport*, 2003 ME 135, 837 A.2d 148.

30-A M.R.S.A. § 2691(3)(E) states:

> The transcript or tape recording of testimony, if such a transcript or tape recording has been prepared by the board, and the exhibits, together with all papers and requests filed in the proceeding, constitute the public record. All decisions become a part of the record and must include a statement of findings and conclusions, as well as the reasons or basis for the findings and conclusions, upon all the material issues of fact, law or discretion presented and the appropriate order, relief or denial of relief. Notice of any decision must be mailed or hand delivered to the petitioner, the petitioner's representative or agent, the planning board, agency or office and the municipal officers within 7 days of the board's decision.

The relevant section of the Freedom of Access law states:

> CONDITIONAL APPROVAL OR DENIAL. Every agency shall make a written record of every decision involving the conditional approval or denial of an application, license, certificate or any other type of permit. The agency shall set forth in the record the reason or reasons for its decision and make finding of the fact, in writing, sufficient to appraise the applicant and any interested member of the public of the basis for the decision. A written record or a copy thereof shall be kept by the agency and made available to any interested member of the public who may wish to review it.

1 M.R.S.A. §407(1).

The *Carroll* court did not rely on the provision of 30-A M.R.S.A. § 2691(3)(E) regarding written notice to petitioner.[3] The provisions of 1 M.R.S.A. §407(1) are met in this case by the findings that the board made as part of their November 6, 2003 decision that were supplied to plaintiffs. Nonetheless, plaintiffs make a valid point in objecting to the failure of the board to supply them with a timely written copy of the decision.

Defendant does not deny that it failed to deliver a copy of the decision to plaintiffs. Instead it argues that failure to deliver was not pled in the original 80B complaint and therefore not properly raised and further argues that since plaintiffs were in attendance at the Board hearing on November 6, 2003 there has been no prejudice to them.

The Law Court has stated that "notwithstanding the fact that a statutory notice requirement may be couched in terms of the mandatory "shall," certain statutory requirements respecting the details of the notice of claim, such as its verification and service, could be regarded as directory." *Seider v. Board of Exam'rs of Psychologists*, 1998 ME 78, ¶5, 710 A.2d 890, 892. The Court went on to state "the language of a statutorily-required notice must be given mandatory, not directory, effect when such language is "of the very essence of giving notice" or if the rights of the interested parties would be prejudiced." *Id.*

Here, plaintiffs make no claim of prejudice due to lack of notice. In fact, both Mr. Randall and his attorney were at the November 6, 2003 meeting and therefore received actual notice. The Board's failure to mail written notice, though a significant procedural

---

[3] The question raised in *Carroll* was the adequacy of the findings of fact in the appeals board decision. In vacating and remanding the court stated "when an administrative board or agency fails to make sufficient and clear findings of fact and such findings are necessary for judicial review, we will remand the matter to the agency or board to make the findings." *Carroll*, 2003 ME 135, § 26, 837 A.2d at 156.

6

error, does not require the court to reverse or remand this matter and plaintiffs' jurisdiction arguments are unsupported by law.

Therefore the entry is:

Decision and Order of the Town of Harrison Board of Appeals is AFFIRMED.

Dated: June ___9___, 2004

Robert E. Crowley
Justice, Superior Court

Date Filed __12-09-2003__ __Cumberland__ Docket No. __AP-03-78__
County

Action __80B Appeal__

DAVID RANDALL                          THE TOWN OF HARRISON, MAINE
CATHERINE RANDALL

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Peter J. Malia, Jr.<br>Hastings Law Office, P.A.<br>376 Maine Street<br>P.O. Box 290<br>Fryeburg, ME 04037-0290<br>207-935-2061 | William L. Plouffe Esq.<br>P.O. Box 9781<br>Portland, Maine 04104-5081<br>(207)772-1941 |

Date of
Entry