2002 ME 74

David G. FLEMING

v.

**COMMISSIONER, DEPARTMENT OF CORRECTIONS et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Oct. 2, 2001.

Decided: May 3, 2002.

David G. Fleming, Maine State Prison, Warren, for plaintiff.

G. Steven Rowe, Attorney General, Susan A. Sparaco, Asst. Attorney General, Augusta, for defendants.

Panel: CLIFFORD, RUDMAN, DANA, ALEXANDER, and CALKINS, JJ.

CALKINS, J.

[¶ 1] David Fleming appeals from the judgment entered in the Superior Court (Knox County, *Mead, C.J.*) granting a motion to dismiss his complaint for failure to exhaust administrative remedies and for

failure to state a claim upon which relief can be granted. Fleming, a Maine State Prison inmate, seeks judicial review of certain conditions surrounding his confinement in the prison's Special Management Unit (SMU). We vacate the dismissal of Fleming's complaint insofar as it seeks review pursuant to M.R. Civ. P. 80C and 5 M.R.S.A. § 11001 (2002).

## I. FACTS AND PROCEDURAL BACKGROUND

[¶ 2] According to his complaint, on March 3, 1999, Fleming was accused of assaulting a correctional officer, placed on administrative segregation status, and moved to the SMU. Fleming's complaint names Martin Magnusson, Commissioner of the Department of Corrections (DOC); Jeffrey Merrill, Warden of Maine State Prison; Nelson Riley, Chief Administrative Officer of the Maine Correctional Institute (MCI); and Stephen Mahoney, Chief of MCI Security, as defendants. The gravamen of Fleming's complaint is that the DOC officials denied him, inter alia, hot and nutritious food and the opportunity for exercise in violation of Maine statutes and DOC policies.[1] He alleges that he was "denied the same property, food, care and treatment [that] others on administrat[ive] segregation status are allowed."[2] He argues that the DOC officials violated 34-A M.R.S.A. § 3031(1) and (5) (Pamph.2001) which provides that persons residing in a correctional or detention facility have a right to "[n]utritious food in adequate quantities" and "[a] reasonable opportunity for physical exercise." His complaint asked the court to order the DOC officials to provide him with the same necessities that other administrative segregation inmates are allowed. He also sought an order requiring the DOC officials to obey the constitutions and laws.

[¶ 3] Although the complaint was filed in March 1999, it was not served until seventeen months later, when after several motions, Fleming was granted leave to proceed *in forma pauperis* in the Superior Court. Between the filing and service of the complaint, Fleming proceeded with several administrative grievances primarily concerning the denial of hot food and opportunity for exercise. Although his complaint does not contain allegations concerning the grievance proceedings, Fleming supplied the Superior Court with copies of his grievances along with decisions of the DOC officials, including the denial of two of his grievances at level three by Commissioner Magnusson; Fleming attached these documents to his memorandum in opposition to the DOC officials' motion to dismiss.

[¶ 4] The DOC officials responded to Fleming's complaint with a motion to dismiss for failure to exhaust administrative remedies and failure to state a claim. Fleming then filed a memorandum in opposition,[3] and the court entered the following order:

1. The record does not contain any DOC rules, policies, or directives other than those attached to Fleming's brief and to an earlier memorandum in support of Fleming's motion for reconsideration of the court's (*Marsano, J.*) denial of leave to proceed *in forma pauperis*. Whether those attached policies were current and applicable to Fleming is impossible to discern from this record.

2. Specifically, he states that (1) he was "denied hot food and sufficient nutritious food," toothpaste, toilet paper, a cup for drinking, shoes, and a pen; (2) he was prevented from engaging in any exercise; and (3) he was allowed a pencil and paper only between 6 and 10 P.M. Fleming's complaint also alleges that he was denied access to the court, law books, and contact with his attorney. It is primarily the food and exercise issues that he has pursued on appeal.

3. The DOC officials, apparently believing that Fleming's objection was untimely and that Fleming improperly failed to provide them with copies of the exhibits he included with

After review of the parties' submissions without hearing, the court is satisfied that the Plaintiff's Complaint is subject to dismissal for failure to state a claim and for failure to exhaust administrative remedies. As such, Defendants' Motion to Dismiss is granted.

The court did not state the reasons for its conclusion.

## II. FEDERAL CLAIMS

[¶ 5] Fleming mentioned the United States Constitution in his complaint, and the DOC officials initially construed the complaint primarily as one brought pursuant to 42 U.S.C.A. § 1983 (Pamph.2001). Thus, in their memorandum in the Superior Court the DOC officials focused almost exclusively on Fleming's failure to plead exhaustion of administrative remedies as required to avoid dismissal of a prisoner's claim under § 1983, 42 U.S.C.A. § 1997e(a) (Supp.2001); *Massey v. Wheeler*, 221 F.3d 1030, 1034 (7th Cir.2000),[4] and his failure to plead facts sufficient to allege a violation of the Eighth Amendment's ban on cruel and unusual punishment.

[¶ 6] Fleming, however, was not pursuing federal claims. In his memorandum objecting to defendants' motion to dismiss, he stated that the complaint was based upon Maine law and DOC policies. He further stated: "This cause of action was not brought forth under ... U.S.C.A. 42 § 1983."

[¶ 7] As Fleming's complaint pleads neither exhaustion of nor resort to administrative remedies, his federal claims, if any, under § 1983 or other federal law, were subject to dismissal.[5] To the extent, if any, that Fleming attempted to state claims under federal law, the court's dismissal was proper.

## III. RULE 80C AND THE ADMINISTRATIVE PROCEDURE ACT

[¶ 8] Although Fleming's complaint did not explicitly refer to M.R. Civ. P. 80C or the Administrative Procedure Act (APA), 5 M.R.S.A. §§ 8001–11008 (2002), it is apparent that he was seeking judicial review of the actions of the DOC officials in their treatment of him while he was in administrative segregation. The DOC officials argue in this Court that the following procedural defects are fatal to Fleming's attempt to seek judicial review: (1) he filed a complaint rather than a petition for review, as required by Rule 80C and 5 M.R.S.A. § 11002; (2) he sought injunctive relief and damages; (3) he served the four

---

the motion, responded with a motion to strike the objection and memorandum, to which Fleming filed a further objection. The court did not grant the motion to strike.

4. The exhaustion requirement of § 1997e(a), erected in 1996 pursuant to the Prison Litigation Reform Act, reads:

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The requirement mandates dismissal of a prisoner's claim without prejudice for failure to *plead* exhaustion of all administrative remedies. *Massey*, 221 F.3d at 1034; *see also Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 534 (7th Cir.1999) (requiring dismissal despite exhaustion during pendency of case). Furthermore, to the extent that a prisoner seeks to bring a claim directly under a federal constitutional provision, the prisoner must exhaust administrative remedies. *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983, 988, 152 L.Ed.2d 12 (2002).

5. The DOC officials have not argued that Fleming was required to plead exhaustion of administrative remedies with respect to any State claim.

named defendants only, but did not serve the DOC' or the Attorney General;[6] and (4) he "did not ensure that a record was filed by the agency as required by 5 M.R.S.A. § 11005."[7] We do not agree with the DOC officials that these grounds require dismissal of Fleming's complaint for failure to state a claim.

[¶ 9] First, we have never held that the failure to designate a Rule 80C complaint as a "petition" requires dismissal nor have we ever suggested that a document entitled "complaint" may not serve as a petition for review for purposes of initiating an action pursuant to the APA. Second, a request for damages in a Rule 80C complaint does not require a dismissal of the complaint. Indeed, Rule 80C anticipates that a plaintiff (or petitioner) may add an independent claim for damages, and the rule provides a procedure for handling that independent claim. M.R. Civ. P. 80C(i). It does not appear that Fleming complied with the requirement to proceed with a damages claim, but that failure only defeats his claim for damages. It does not require dismissal of the entire complaint. Furthermore, Fleming's request for injunctive relief is not inconsistent with 5 M.R.S.A. § 11007(4)(B), which gives the court, in an action pursuant to Rule 80C or section 11001, the power to "direct the agency to ... take such action as the court deems necessary."

[¶ 10] Third, with regard to Fleming's failure to serve the DOC itself and the Attorney General, a technical violation of a statutorily prescribed manner of notice is not necessarily fatal when it does not prejudice the party receiving the notice, and a court may disregard nonprejudicial failure to comply with strict notice requirements. *Town of Ogunquit v. Dep't of Pub. Safety,* 2001 ME 47, ¶ 11, 767 A.2d 291, 294. Fleming's service of the complaint upon the Commissioner of the DOC was effective to provide the DOC with notice of the claim. The docket entries indicate that an Assistant Attorney General accepted service on behalf of the DOC officials. The Attorney General's office promptly entered an appearance by filing the motion to dismiss Fleming's complaint. There is no reason to believe that either the DOC or the Attorney General was without notice or prejudiced by Fleming's failure to effect direct service of process.

[¶ 11] Fourth, 5 M.R.S.A. § 11005 places the burden on the DOC to provide the court with the record of the proceedings Fleming seeks to challenge. Nothing in section 11005, Rule 80C(f), or the cases interpreting them requires, as the DOC officials argue, that a petitioner "ensure" the agency's filing of the record. Therefore, Fleming was not required to supply the court with the record of his grievance proceedings.

---

**6.** Rule 80C(a) requires service "as provided by 5 M.R.S.A. § 11003," which requires the following service:

    1. Petition served. The petition for review shall be served by certified mail, return receipt requested, upon:
      A. The agency;
      B. All parties to the agency proceeding; and
      C. The Attorney General.
M.R. Civ. P. 4(d)(12) also requires service upon the Attorney General.

**7.** Title 5 M.R.S.A. § 11005 states in part:

The agency shall file in the reviewing court within 30 days after the petition for review is filed, or within such shorter or longer time as the court may allow on motion, the original or a certified copy of the complete record of the proceedings under review. Within 20 days after the petition for review is filed, all parties to the agency proceeding who wish to participate in the review shall file a written appearance which shall state a position with respect to affirmance, vacation, reversal or modification of the decision under review.

[¶ 12] Because Fleming's complaint can be fairly read to seek judicial review of the actions of the DOC officials who Fleming claims violated his rights under Maine statutes, primarily 34–A § 3031(1) and (5), and DOC rules, he has stated a claim for review of final agency action at least with regard to those matters that he pursued through the grievance process.[8] Therefore, his case must be allowed to proceed.[9]

The entry is:

Judgment vacated and remanded to the Superior Court for further proceedings consistent with this opinion.

8.  Although there is some question as to whether Fleming was attempting to seek review of the agency rulemaking process, we have interpreted his complaint as one pursuant to M.R. Civ. P. 80C and 5 M.R.S.A. § 11001 seeking review of the actions of the DOC officials in denying him the opportunity for exercise and certain items such as hot nutritious food. To the extent that he is claiming that the actions of the DOC officials are in excess of statutory authority, section 11007(2) permits a challenge to agency action on that basis. The record is insufficient for a determination as to whether any of the rules, policies, or directives complained about by Fleming are rules within the scope of the rulemaking provisions of the APA. 5 M.R.S.A. § 8002(9).

9.  The DOC officials have not suggested that Fleming's appeal is moot. Although mootness seems likely, given the fact that Fleming's appeal concerns his placement in the SMU in 1999, the record is devoid of sufficient facts to allow us to dismiss the appeal on that basis. Obviously, on remand the Superior Court will need to consider whether the claim is moot, and if so, whether exceptions to the mootness doctrine may apply.