STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-04-17

JEFFREY SIMPSON,

Plaintiff

v.

CUMBERLAND COUNTY,
MARK DION, LT. E.J. BURKE,
CAPTAIN W. PIKE, and DOC JAIL
INSPECTOR,

Defendants

ORDER ON
DEFENDANTS' MOTION
TO DISMISS

DONALD L. GARBRECHT
LAW LIBRARY

AUG 20 2004

This matter is before the court on the motion of Defendants Cumberland County ("the County") Mark Dion ("Dion"), E.J. Burke ("Burke"), and Wayne Pike ("Pike") to dismiss the plaintiff's complaint pursuant to M.R. Civ. P. 12(b)(6).

## BACKGROUND

The plaintiff, Jeffrey Simpson, was formerly a prisoner at Cumberland County Jail ("CCJ"). He claims that CCJ officials unlawfully recorded, archived and used numbers that he dialed from inmate telephones. He also claims that officials unlawfully shackled and handcuffed him during recreation.

The plaintiff asserts that he brought his grievances to the attention of Burke, Dion, Pike and the Jail Inspector at the Maine Department of Corrections. According to his pleadings, his most recent attempt to have the Department act on his grievances was on February 12, 2004, at which time he wrote the Jail Inspector and asked him to hold Burke, Dion, and Pike accountable for the above-mentioned conduct.

On April 23, 2004, the plaintiff filed a pleading captioned "ME. R. CIV. P. Rule 80 C and Joinder of Declaratory Judgment Demand for Jury Trial." In his pleading he requests that the court grant him the following relief:

1. Issue a reversal or modification of agency action; and

1

2. Issue a declaratory judgment adjudicating that:

    a. Dion, Pike and Burke violated federal statutes 18 U.S.C.A. §§ 241, 2510-2520 & 3121 and the plaintiff's fourth amendment rights by recording, archiving and using numbers that he dialed from inmate telephones; and

    b. Dion, Pike and Burke violated his fourth amendment rights against "unreasonable intrusions of bodily integrity" and against excessive and unreasonable force, fourteenth amendment right to due process, and his eighth amendment right against cruel and unusual punishment for shackling and handcuffing him during his exercise period.

The plaintiff does not seek monetary relief for violations of these federal statutes and constitutional rights. Rather, he expressly reserves the right to claim such relief in the future.

## DISCUSSION

In reviewing a motion to dismiss for failure to state a claim upon which relief may be granted, the court considers allegations of the complaint as if they were admitted and in the light most favorable to the plaintiff. <u>Moody v. State Liquor & Lottery Comm'n</u>, 2004 ME 20, ¶ 7, 843 A.2d 43, 47. "A dismissal should only occur when it appears 'beyond doubt that a plaintiff is entitled to no relief under any set of facts that he might prove in support of his claim.'" <u>McAfee v. Cole</u>, 637 A.2d 463, 465 (Me. 1994) (quoting <u>Hall v. Bd. of Envtl. Prot.</u>, 498 A.2d 260, 266 (Me. 1985)).

"If a party brings a motion to dismiss and 'the court considers appropriate materials outside the pleadings, the motion is treated as one for a summary judgment.'" <u>Moody</u>, 2004 ME 20, ¶ 9, 843 A.2d 43, 47-48 (quoting <u>In re Magro</u>, 655 A.2d 341, 342 (Me. 1995); citing M.R. Civ. P. 12(b)). However, the Law Court has recently

held that in some circumstances certain extraneous documents, including official public documents, can be considered on a motion to dismiss without converting the motion to one for a summary judgment. See Moody, 2004 ME 20, ¶¶ 9-11, 843 A.2d at 47-48. "The purpose for this exception is that if courts could not consider these documents, 'a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document on which it relied.'" Id., 2004 ME 20, ¶ 10, 843 A.2d 43, 48 (quoting Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

Accordingly, in its present analysis, the court considers section 29.1 of the Department of Correction's Policy and Procedures Manual, which the plaintiff was required to comply with before bringing his complaint, without turning the defendants' motion into a motion for summary judgment. See Department of Corrections, Policy and Procedures Manual, § 29.1 (effective Jan. 13, 2003) (adopted by the Commissioner of Corrections pursuant to 34-A M.R.S.A. § 1402(5) and 34-A M.R.S.A. § 1203(3)(B)).

Upon review of the Policy and Procedures Manual and the allegations set forth in the plaintiff's complaint, the court finds that the action must be dismissed for failure of the plaintiff to exhaust administrative remedies. See 42 U.S.C.A. § 1997e(a) (2004) ("No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); Fleming v. Comm'r, Dep't of Corrections, 2002 ME 74, ¶ 5, 795 A.2d 692, 694, n.4. (holding that "to the extent that a prisoner seeks to bring a claim directly under a federal constitutional provision, the prisoner must exhaust administrative remedies.") (citing Porter v. Nussle, 534 U.S. 516 (2002)).

3

The Commissioner of the Department of Corrections has established a grievance process for reviewing and resolving clients' grievances, which, even viewing the facts in the plaintiff's complaint in the light most favorable to him, the plaintiff clearly did not follow. See 34-A M.R.S.A. § 1402 (Supp. 2003). See Policy and Procedures Manual, § 29.1.

With respect to his claims regarding shackling and handcuffing, the plaintiff raised issues during the internal appeal process that were not brought forward in his original grievances or earlier responses to those grievances. See id., Procedure D, at 7 ("The client shall not raise an issue on appeal that was not brought forward in the original grievance or response to the original grievance.")

With respect to all claims, on February 12, 2004, the plaintiff did not submit his appeal to the Grievance Review Officer as he was required to under the Policy and Procedures Manual. See generally id.; compare id., Procedure D, at 7 ("If, after receipt of the response from the Grievance Review Officer, the client believes that the response does not adequately address the problem, he/she may indicate on the grievance appeal form his/her reasons why the response is inadequate and may then file an appeal. The appeal must be filed with the Grievance Review Officer . . . ") and id., Procedure E, at 8 ("If, upon receipt of the written response from the Chief Administrative Officer of the facility or the Regional Correctional Administrator, the client still believes that the matter has not been resolved, he/she may indicate on the grievance appeal form his/her reasons why the response is inadequate. This appeal must be filed with the Grievance Review Officer . . .") with Pl.'s April 23, 2004 Pleading, ¶ 15 ("the plaintiff forwarded a copy of his appeals and Mark Dion's repl[ies] to the plaintiff's 11-26-03, 12-12-03, and 12-12-03 appeals to the Jail Inspector . . . the plaintiff requested for the Jail Inspector to intervene . . .").

In addition, because the plaintiff failed to exhaust his administrative remedies, there has been no final agency action entitling him to appeal to this court, nor may he appeal for the failure of an agency to act because agencies cannot be required to act on grievances that have not been properly submitted. See M.R. Civ. P. 80C; compare Eastern Maine Medical Center v. Maine Health Care Finance Com., 601 A.2d 99 (Me. 1992).

## DECISION

Based upon the foregoing, and pursuant to M. R. Civ. P. 79(a), the Clerk is directed to enter this Order on the Civil Docket by a notation incorporating it by reference and the entry is

Defendants' Motion to Dismiss is GRANTED.

Dated at Portland, Maine this 2nd day of August 2004.

_____
Robert E. Crowley
Justice, Superior Court

Date Filed __04-23-2004__ __Cumberland__ Docket No. __AP-04-17__
County

Action __80C APPEAL__

JEFFREY E. SIMPSON

CUMBERLAND COUNTY
MARK M. DION
LT E.J. BURKE
CAPTAIN W. PIKE
DOC JAIL INSPECTOR

vs.

Plaintiff's Attorney

(PRO SE)
Jeffrey E. Simpson
~~807 Cushing Road 50 County Way~~
~~Warren, ME 04864-4600 Portland, ME 04102~~
807 Cushing Rd
Warren, ME 04864-4600

Defendant's Attorney

Michael Schmidt, Esq. (Cumberland, Di
Wheeler & Arey        Burke & Pike)
P.O. Box 376
Waterville, ME 04903-0376

Date of
Entry