STATE OF MAINE
CUMBERLAND, ss.

STATE OF MAINE
CUMBERLAND, SS
CLERK'S OFFICE

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-04-375
REC - CUM - 11/16/2004

JOHN MORTON, et al.          2004 NOV 17 A 10: 56
                Plaintiffs


                v.                          ORDER ON RESPONDENT
                                            DEPARTMENT OF HEALTH AND
                                            HUMAN SERVICES'S MOTION TO
                                            DISMISS

MAINE DEPARTMENT OF
EDUCATION , et al.
                Defendants.                 DONALD L. GARBRECHT
                                            LAW LIBRARY

                                                DEC 30 2004


## FACTUAL BACKGROUND

Plaintiff John Morton has filed the instant action against the Maine Department of Education and the Maine Department of Health and Human Services (DHHS). On the face of the complaint, plaintiff purports to be seeking "injunctive relief" in the form of: (1) the immediate suspension of [his] case by DHHS; (2) the removal of records at the University of Southern Maine relating to student conduct hearings; (3) the removal of his DHHS file from the Portland office to the office in Washington County; and (4) custody of his daughter. Plaintiff's claims stem from the following events:

Plaintiff was apparently the subject of student conduct hearings at the University of Southern Maine. Neither the reason for those hearings nor their outcome is clear from the record.

As the court understands it, plaintiff was also "substantiated" by DHHS as posing a "threat of serious physical injury and threat of deprivation of adequate care and supervision" to his minor daughter. As a result of that substantiation, DHHS filed a child protection action in the Maine District Court. It appears that an Order of

Preliminary Child Protection was entered by the district court on June 9, 2004 and that a final jeopardy order was entered on or about September 23, 2004.

Although it is not clear from the complaint or the various other papers filed by the plaintiff, as a result of the oral argument on the pending motion to dismiss, the court understands that plaintiff is primarily taking issue with the initial substantiation decision made by DHHS. Plaintiff is arguing that he was not afforded an adequate opportunity to rebut DHHS's claims that he posed a threat to his daughter and that the subsequent entry of his name in DHHS's database as a person substantiated for abuse violated his constitutional rights.

## DISCUSSION

Maine Department of Education

The court notes, at the outset, that there is no evidence in the record that the Department of Education was properly served with notice of the complaint pursuant to the requirements of M.R. Civ. P. 4. Therefore, the court dismisses any claims brought against the Department of Education ostensibly relating to the student conduct hearings held at the University of Southern Maine. *See* M.R. Civ. P. 3.

Maine Department of Health and Human Services

In reviewing a motion to dismiss for failure to state a claim upon which relief may be granted, the court considers allegations of the complaint as if they were admitted and in the light most favorable to the plaintiff. *Moody v. State Liquor & Lottery Comm'n*, 2004 ME 20, ¶ 7, 843 A.2d 43, 47. "A dismissal should only occur when it appears 'beyond doubt that a plaintiff is entitled to no relief under any set of facts that he might prove in support of his claim.'" *McAfee v. Cole*, 637 A.2d 463, 465 (Me. 1994) (quoting *Hall v. Bd. of Envtl. Prot.*, 498 A.2d 260, 266 (Me. 1985)).

Insofar as the complaint purports to be seeking injunctive relief, the court holds that plaintiff has failed to state a claim upon which relief can be granted pursuant to M.R. Civ. P. 12(b)(6). In order for a court to grant injunctive relief in Maine, four criteria must be met. Those criteria are:

> (1) that plaintiff will suffer irreparable injury if the injunction is not granted; (2) that such injury outweighs any harm which granting the injunctive relief would inflict on the defendant; (3) that plaintiff has exhibited a likelihood of success on the merits (at most, a probability; at least, a substantial possibility); (4) that the public interest will not be adversely affected by granting the injunction.

*Ingraham v. University of Maine*, 441 A.2d 691, 693 (Me. 1982).

An injunction is not the proper avenue of relief for reversal of a DHHS substantiation decision, nor for a child protection order entered in the district court. Instead, petitioner had an adequate remedy at law in that he could have appealed a final order entered in the district court or sought an administrative hearing and judicial review of final agency action under M.R. Civ. 80C. Further, plaintiff has not sustained his burden of establishing that he meets the above four criteria for injunctive relief. *See Ingraham*, 441 A.2d 691, 693 (Me. 1982). Therefore, plaintiff has failed to state a claim upon which relief can be granted and respondent's motion to dismiss plaintiff's claims for injunctive relief, pursuant to M.R. Civ. P. 12(b)(6), is GRANTED.

Further, insofar as the complaint can reasonably be construed as an 80C petition for judicial review of final agency action, it is also dismissed. *See Fleming v. Comm'r Dep't of Corrections*, 2002 ME 74, ¶ 9, 795 A.2d 692, 695 (explaining that a "document entitled 'complaint' may serve as a petition for review" under Rule 80C). *Id.* Under M.R. Civ. P. 80C, one may seek judicial review of final agency action. *See id.* In order for a would-be petitioner to take advantage of that rule, however, he or she must have exhausted all available administrative remedies. *See Annable v. Bd. of Envtl. Prot.*, 507 A.2d 592, 595 (Me. 1986) and *Cushing v. Smith*, 457 A.2d 816, 821 (Me. 1984). Under the regulations

promulgated by DHHS governing substantiation decisions and child protective matters, plaintiff was entitled to an administrative hearing regarding the substantiation decision. *See* Me. Dep't of Hum. Serv., 10 148 CMR 201.  Because plaintiff failed to request a hearing pursuant to the DHHS regulations, he has failed to exhaust his administrative remedies and his complaint, insofar as it may be construed as an 80C petition must be DISMISSED.

The entry is

Defendants' Motion to Dismiss is GRANTED.

Dated at Portland, Maine this 16ᵗʰ day of November, 2004.

Robert E. Crowley
Justice, Superior Court

**CLERK OF COURTS**
Cumberland County
P.O. Box 287
Portland, Maine 04112-0287

MATTHEW POLLACK AAG
DEPARTMENT OF THE ATTORNEY GENERAL
6 STATE HOUSE STATION
AUGUSTA ME 04333-0006

**CLERK OF COURTS**
Cumberland County
P.O. Box 287
Portland, Maine 04112-0287

MR JOHN MORTON
62 CHURCH ST
CALAIS ME 04619