STATE OF MAINE
CUMBERLAND, ss.

STATE OF MAINE SUPERIOR COURT
CUMBERLAND, ss. CIVIL ACTION
CLERK'S OFFICE DOCKET NO. AP-03-59
REC - CUM - 11/18/2004
2004 NOV 18  A 11: 19

MAREK KWASNIK,

Petitioner

v.

MAINE DEPARTMENT
OF HEALTH AND HUMAN
SERVICES, ET AL.,

ORDER ON RESPONDENT'S MOTION
TO DISMISS CLAIMS AGAINST
NAMED RESPONDENTS IN THEIR
INDIVIDUAL CAPACITIES, AND
PETITIONER'S MOTIONS TO AMEND
THE PETITION, TO PRESENT
ADDITIONAL EVIDENCE, FOR
JOINDER OF INDEPENDENT
ACTIONS AND TO "SIZE THE TIME
CLOCK."

Respondents

DEC 30 2004

## FACTUAL BACKGROUND

This is an appeal of a final agency action brought under M.R. Civ. P. 80C. Petitioner seeks judicial review of the Department of Health and Human Services ("DHHS") revocation of his driver's license for nonpayment of child support pursuant to an order issued in the State of New Jersey (the "New Jersey Order"). The New Jersey Order was entered in the New Jersey Superior Court on April 10, 2002 and required petitioner to pay $228.00 per week in child support.

After moving to Maine, and without making any child support payments, the petitioner filed an appeal of the New Jersey Order arguing that it was the result of gender bias and judicial misconduct. At no time, however, did petitioner request a stay and the New Jersey Order has, therefore, remained in effect since it was entered. Petitioner's appeal was dismissed by the New Jersey Supreme Court on January 27,

it intended to revoke his driver's license for failure to comply with the New Jersey Order. Upon receiving notice of DHHS's intentions, petitioner requested and was granted an administrative hearing. At the conclusion of the hearing, after concluding that the New Jersey Order had not been stayed and was still in effect and that petitioner had failed to make any child support payments, the hearing officer found petitioner to be in noncompliance and recommended that DHHS pursue the revocation of his license.

Petitioner thereafter filed the pending 80C Petition on September 8, 2003. In it he named DHHS, Hearing Officer Strickland, and Acting Commissioner Peter E. Walsh as respondents (collectively referred to as "respondent"). He subsequently filed a motion to present additional evidence of the unconstitutionality of the New Jersey order, which this court denied on January 5, 2004. Petitioner filed an appeal of that order with the Law Court, which was subsequently dismissed as interlocutory. Petitioner has now filed a series of motions to: "Size the Time Clock" (change the filing deadlines for the parties' briefs due to petitioner's appeal to the Law Court); to amend the petition in order to name the current commissioner of DHHS individually and in his official capacity; for joinder of independent actions brought under 42 U.S.C. §§ 1983 and 1985; and to admit additional evidence of the unconstitutionality of the New Jersey order.

The respondent, in turn, has filed the pending motion to dismiss all claims against Acting Commissioner Peter E. Walsh and Hearing Officer Jeffrey P. Strickland in their individual capacities, and to deny petitioner's motion to amend the petition by adding current Commissioner John R. Nichols. Respondent also seeks dismissal of petitioner's claims under 42 U.S.C. §§ 1983 and 1985, arguing that petitioner has failed to request any type of specific relief other than review of the Department's administrative action. Finally respondent opposes petitioner's motion for joinder of independent claims, arguing the lack of timely filing and the failure to request any specific relief.

# DISCUSSION

## Motion to Present Additional Evidence

By his latest motion to present additional evidence, petitioner seeks to present evidence relating to the New Jersey Order in support of his contention that that Order was influenced by gender bias, judicial misconduct and, as such, represented a violation of his constitutional rights to due process under the Fourteenth Amendment. From the face of the motion and oral arguments presented to this court, it does not appear that the substance of the evidence petitioner seeks to present differs in any way from that which petitioner sought to present in his prior motion, filed October 14, 2003. This court denied that motion on January 5, 2004. Petitioner has presented no new or persuasive argument in support of his contention that evidence, in the form of court documents and transcripts of judicial proceedings in New Jersey or materials relating to gender bias in New Jersey custody proceedings, not previously considered at the DHHS administrative hearing may be considered by this court in an 80C appeal.

Under M.R. Civ. P. 80C, a party seeking judicial review of final agency action may file a motion requesting "that the reviewing court take additional evidence or order the taking of additional evidence before an agency as provided by 5 M.R.S.A. § 11006(1)." M.R. Civ. P. 80C(e). The statute provides:

> 1. Review. Judicial review shall be confined to the record upon which the agency decision was based, except ...
>
> ...
>
> B. The reviewing court may order the taking of additional evidence before the agency if it finds that the additional evidence ... is necessary to deciding the petition for review; or if the application is made to the reviewing court for leave to present additional evidence, and it is shown that the additional evidence is material to the issues presented in the review, and could not have been presented or was erroneously disallowed in proceedings before the agency.

5 M.R.S.A. § 11006(1)(B) (1989).

A review both of the record and of the parties' arguments reveals that the evidence petitioner wishes to present is not material to a review of the final agency action at issue in this case nor was it erroneously disallowed in the administrative hearing. Petitioner was given an opportunity at the administrative hearing to present much of the evidence he wishes to present pursuant to the pending motion and petitioner evidently chose not to do so. That choice precludes this court from considering those issues in the context of an 80C appeal. *See Smith & Sons, Inc. v. Finance Authority of Maine*, 543 A.2d 814, 817 (Me. 1988) and *Wells v. Portland Yacht Club*, 2001 ME 20, ¶ 5, 771 A.2d 371, 373.

Further, even if petitioner were entitled to raise the issue of the validity of the New Jersey Order for the first time in this court, he has failed to demonstrate that that judgment is subject to collateral attack. Under the Full Faith and Credit clause of the United States Constitution, "Full Faith and Credit shall be given in each State to the public Acts, Records and judicial Proceedings of every other State." U.S. Const. art. IV, § 1, cl. 1. Although it is true that "a judgment rendered in violation of due process is not entitled to full faith and credit," *Irving L. Young Foundation v. Damrell*, 607 F. Supp. 705, 707 (D. Me. 1985), "[t]he due process requirements in a civil case ... are much less stringent than in a criminal case involving life and liberty interests." *Id.* (quoting *Felhaber v. Felhaber*, 681 F.2d 1015, 1027 (5th Cir. 1982)). In a civil case all that due process ordinarily requires "is proper notice and service of process and a court of competent jurisdiction; procedural irregularities during the course of a civil case, even serious ones, will not subject the judgment to collateral attack." *Id.* (quoting *Felhaber*, 681 F.2d at 1027). There is no indication that petitioner was afforded anything less than the process he was due in the New Jersey proceedings. The New Jersey Order, therefore, is entitled to full faith and credit and petitioner may not collaterally attack its

4

validity in this court in an 80C appeal. Petitioner's motion to present additional evidence is DENIED.

## Motion to Amend the Petition

Petitioner seeks to amend the original petition in order to name the new Commissioner of DHHS, John R. Nicholas as a respondent in both his individual and official capacities. Respondent argues, however, that petitioner has failed to adequately assert a basis for a claim against Commissioner Nicholas in his individual capacity under sections 1983 and 1985. Respondent further contends that petitioner has failed to adequately demand any relief. The court agrees.

Under M.R. Civ. P. 8(a), "a pleading which sets forth a claim for relief ... shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief which the pleader seeks." *Id.* Neither the original petition nor the proposed amended petition articulate a basis for a section 1983 or 1985 claim against Commissioner Nicholas nor demand any relief from him in his individual capacity.[1] Therefore, because the proposed amended complaint fails to adequately plead a claim under sections 1983 or 1985, petitioner's motion to amend the petition to add current Commissioner John R. Nicholas is DENIED. *See Iacobucci v. Boulter*, 193 F.3d 14, 19 (1st Cir. 1999) (explaining that in order to be adequately pled, a section 1983 claim must comply with the requirements of Rule 8 and include both a basis and a demand for relief).

---

[1] Instead, the proposed amended petition, as well as the original petition, demands only a stay of the DHHS license revocation decision "pending the resolution of the New Jersey and Maine cases," and "judicial review of [the] constitutionality 19-A M.R.S.A. § 2202," the statute governing DHHS support enforcement procedures. Petition at 11.

<u>Respondent's Motion to Dismiss Claims Against Hearing Officer Jeffrey P. Strickland and Acting Commissioner Peter E. Walsh.</u>

Respondent also seeks to dismiss all claims brought against Hearing Officer Jeffrey P. Strickland and Acting Commissioner Peter E. Walsh, in their individual capacities, because the petition fails to assert a basis for liability and relief under sections 1983 and 1985. Respondent further argues that because the petition fails to demand relief against Walsh and Strickland individually the section 1983 and section 1985 claims are fatally flawed and should be dismissed. Because the petition fails to comply with the requirements of M.R. Civ. P. 8(a) in that it neither articulates a basis for individual liability nor demands any relief with respect to Strickland and Walsh individually, the respondent's motion to dismiss petitioner's claims against Strickland and Walsh in their individual capacities is GRANTED.

<u>Motion for Joinder Under M.R. Civ. P. 80C(i)</u>

Petitioner seeks to join independent causes of action under 42 U.S.C. §§ 1983 and 1985 with his 80C petition for judicial review of final agency action pursuant to M.R. Civ. P. 80C(i). Under Rule 80C(i), "[a] party ... asserting such an independent basis for relief shall file a motion no later than 10 days after the petition is filed, requesting the court to specify the future course of proceedings." *Id.* Respondent opposes petitioner's request arguing that because the motion was filed on September 9, 2004, one year after the filing of the original petition, it is not timely.[2] Because the court has dismissed petitioner's section 1983 and section1985 claims against the named respondents in their individual capacities, its consideration of the motion for joinder relates only to section 1983 and 1985 claims against DHHS and the named respondents in their official capacities.

---

[2] The original petition was filed on September 8, 2003.

6

Petitioner has offered no justification, much less a justification amounting to "excusable neglect" under M.R. Civ. P. 6(b), for his failure to file a timely motion for joinder under Rule 80C(i). The purpose of such a motion is to allow the court and the parties to clarify the course of future proceedings as they relate to the underlying 80C petition and the independent claims, in order to avoid confusion of the issues and a waste of judicial resources. *See* M.R. Civ. P. 80C(i) and *Baker's Table, Inc. v. City of Portland*, 2000 ME 7, ¶ 18, 743 A.2d 237, 243. Given the sheer number of motions filed by the petitioner and the differing claims of constitutional violations he has raised – relating to *inter alia*, the New Jersey Order, the administrative hearing, and the application and validity of Maine statutory law – significant confusion of the issues is manifest in this case. Due to the utter lack of justification for the delay in the filing of this motion, as well as the fact that petitioner has failed to assert any basis for his claim that he has been denied due process through the administrative hearing process or the 80C petition process, his motion as it relates to the DHHS agency action is DENIED. Further, insofar as this motion seeks to join claims under sections 1983 and 1985 asserting that the New Jersey Order, and the judicial process in that state, represent constitutional violations, joinder is also denied given that that Order is entitled to full faith and credit and is not subject to collateral attack.

Petitioner's Motion to "Size the Time Clock"

Because the court has yet to set a new briefing schedule for the underlying 80C petition and because petitioner's interlocutory appeal to the Law Court effectively interrupted the briefing schedule entered on January 14, 2004, petitioner's motion to extend the deadline for the filing of briefs is GRANTED. Pursuant to M.R. Civ. P. 80C(g), Petitioner's brief is due December 28, 2004. Respondent's brief is due January 27, 2005.

<u>Respondent's Motion for Attorney's Fees</u>

Respondent, in addition to arguing for dismissal of claims against the named respondents for the reasons discussed above, has also argued for dismissal due to lack of proper service under M.R. Civ. P. 4. Respondent contends that because the named respondents were not properly served, dismissal is appropriate under Rule 3. In addition, respondent argues that the instant action was "vexatiously commenced," and, as a result, the court should award respondent attorney's fees. *See* M.R. Civ. P. 3. Because the court finds that the inadequacy in service does not warrant dismissal under Rule 3 but has instead dismissed the claims against the respondent on other grounds, it declines to award attorney's fees and respondent's motion is DENIED. *See Fleming v. Comm'r, Dep't of Corr.* 2002 ME 74, ¶ 10, 795 A.2d 692, 695 and *Town of Ogunquit v. Dep't of Pub. Safety*, 2001 ME 47, ¶¶ 11-14, 767 A.2d 291, 294-95.

The entry is

Petitioner's Motion to Amend the Petition to add Commissioner John R. Nicholas in his individual capacity is DENIED.
Petitioner's Motion to Size the Time Clock is GRANTED.
Petitioner's Motion to Present Additional Evidence is DENIED.
Respondent's Motion to Dismiss claims against Jeffrey P. Strickland and Peter E. Walsh is GRANTED.
Petitioner's Motion for Joinder of Independent Actions is DENIED.

Dated at Portland, Maine this 18th day of November 2004.

Robert E. Crowley
Justice, Superior Court

Date Filed __09-08-2003__    Cumberland    Docket No. __AP-03-59__
                                County

Action __80C Appeal__


MAREK A. KWASNIK

dismissed 11-18-04
~~PETER E. WALSH, individually, and as (Acting)~~
~~COMMISSIONER OF~~ MAINE DEPARTMENT OF HUMAN
SERVICES
~~JEFFREY P. STRICKLAND, individually, and as~~
~~HEARING OFFICER OF MAINE DEPT OF HUMAN SERVICE~~
                    vs.    dismissed 11-18-04

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| (PRO SE) | Carlos |
| Marek A. Kwasnik | ~~Carols~~ Diaz, AAG |
| 99 Swett Road | State of Maine, Dept. of the Attorney |
| Windham, ME   04062 |  General |
| | 44 Oak Street, 4th Floor |
| | Portland, ME   04101-3014 |
| | (207) 822-0260 - FOR COMMISSIONER OF |
| | HUMAN SERVICES |

Date of
Entry