STATE OF MAINE
CUMBERLAND, ss

DONALD L. GARBRECHT
LAW LIBRARY

SUPERIOR COURT
Civil Action
Docket No. CV-05-452

ANTHONY MACHIAVELLI,

Plaintiff

v.

**DECISION AND ORDERS ON
DEFENDANTS' MOTION TO DISMISS**

JEFFREY MERRRILL and
MARTIN MAGNUSSON,

Defendants

## I. BEFORE THE COURT

This matter comes before the court on a number of motions filed by both the

plaintiff, Anthony Machiavelli and the defendants, Warden Jeffrey Merrill (Merrill) and

Commissioner Martin Magnusson (Magnusson).

## II. BACKGROUND AND PROCEDURAL HISTORY

Machiavelli and Thomas Musser (Musser) filed a complaint on July, 28, 2005

primarily alleging that the Maine State Prison's (MSP) mail policy violates their federal

constitutional rights. Machiavelli is currently incarcerated at the MSP and Musser is a

member of the public.[1] The complaint originally named four defendants including

Merrill, Magnusson, the Department of Corrections (the DOC), and Stephen Rowe,

Maine Attorney General (Rowe). The defendants Rowe and the DOC have

subsequently been dismissed from the case, leaving Merrill and Magnusson as the only

remaining defendants to the action.

---

[1] Musser claims to be an interested party based on his claim that MSP's mail policy violates his
constitutional rights because he has attempted to send mail to Machiavelli that has not reached him.

Although the complaint refers to various violations of law, the primary claim appears to be a violation of the plaintiffs' federal constitutional rights.[2] Most of the complaint focuses on the MSP's mail policy, alleging that section 21.2 of the policy violates the plaintiffs' rights with respect to the handling of Machiavelli's mail.[3] There are a number of pending motions that await decision by the court.[4] Primarily, Machiavelli has filed a number of requests for a preliminary injunction, and the defendants filed a motion to dismiss and a motion for summary judgment.

## III. DISCUSSION

### 1. The Defendant's Motion to Dismiss

The defendants filed a motion to dismiss all claims raised by Machiavelli, other than his claim that MSP's mail policy violates his rights under the federal constitution, pursuant to M.R. Civ. P. 12(b)(6). In his complaint, Machiavelli claims violations of

---

[2] The complaint also references violations of federal statutes, postal service regulations, ACA standards, and statutory and agency rulemaking procedures, and makes several general references to state constitutional law and state tort law. In addition, Machiavelli complains that he is not permitted to purchase video games and CDs with mature ratings.

[3] Section 21.2 of MSP's mail policy covers prisoner's mail and was implemented on August 4, 2003 and revised on June 24, 2004. Procedure C-5 of 21.2 explicitly states that all incoming mail must have a verifiable name and return address on it. MSP's policy is to dispose of mail that does not include a verifiable name and address, and prisoners are notified of this policy. Mail without a return address is opened and if a return address can be determined based on the contents of the mail, it is returned to the sender. MSP's mail policy has been approved by the Department of Corrections.

[4] Pending motions awaiting decision by the court include the following:

(1) Defendants' motion to dismiss Musser's claims pursuant to M.R. Civ. P. 12(b)(6). Musser has failed to oppose the motion.
(2) Defendants motion to dismiss and motion for summary judgment.
(3) Defendants motion to strike all of the material in Machiavelli's opposition to summary judgment that is irrelevant.
(4) Machiavelli's motion to request a preliminary injunction.
(5) Machiavelli's second motion for a preliminary injunction.
(6) Defendants motion to strike Machiavelli's second motion for a preliminary injunction.
(7) Machiavelli's motion requesting an enlargement of time to respond to the defendants' motion to strike. (He then filed his reply to the defendants' motion to strike)
(8) Machiavelli's demand for a writ for habeas corpus.
(9) Machiavelli's motion for a hearing and a motion for the court "to be more specific."
(10) Machiavelli's motion to amend his complaint.

federal statutes, postal service regulations, ACA standards, and statutory and agency rulemaking procedures. He also references state constitutional law and state tort law. All of these claims should be dismissed because Machiavelli fails to substantiate any of them. Instead he makes general statements without providing a factual basis or any explanation or elaboration. Similarly, Machiavelli complains that he is not permitted to purchase video games and compact discs (CDs) with mature ratings, but fails to provide any regulation, law, or standard that the prison is violating by maintaining this policy. For these reasons, the court must dismiss all claims presented for failure to state a claim, except for Machiavelli's claim that the MSP's mail policy violates his federal constitutional rights.

## 2. The Defendant's Motion for Summary Judgment

The only claim Machiavelli asserts with any specificity, for which he provides any real factual basis, is his claim that MSP's mail policy violates his federal constitutional rights. The defendants filed a motion for summary judgment as to the remaining mail policy issue, arguing that because the complaint contains claims that have not been exhausted administratively, Machiavelli's entire complaint should fail as a matter of law. The defendants' argument is based on the Prison Litigation Reform Act (PLRA) of 1995,[5] which prohibits a prisoner from bringing an action under 42 U.S.C. § 1983[6] with respect to prison conditions "until such administrative remedies as are available are exhausted." See 42 U.S.C. § 1997e(a).[7] A number of federal courts have interpreted this provision to require that all available administrative remedies be

---

[5] Because Machiavelli brings this action pursuant to 42 U.S.C. § 1983, the action is subject to the PLRA.

[6] Machiavelli brings this action under 42 U.S.C. § 1983, which provides a statutory basis for prisoners' claims of violations of federal constitutional rights.

[7] Specifically, section 1997e(a) states, "No action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted."

3

exhausted by a prisoner prior to filing an action or the action must be dismissed. *See, e.g., Medina-Claudio v. Rodriguez-Mateo*, 292 F.3d 31 (1st Cir. 2002); *Perez v. Wisconsin Department of Corrections*, 182 F.3d 532, 534-35 (7th Cir.). The Law Court has also applied what has become known as the "total exhaustion principal." *See Fleming v. Commissioner of Corrections*, 2002 ME 74, ¶ 7, 795 A.2d 692, 694.

In his opposition to summary judgment, Machiavelli argues that the court should not apply the "total exhaustion principal." He contends that he did raise the mail policy issue below and that he exhausted his administrative remedies as to that issue. Later, on July 12, 2007, Machiavelli filed a motion to bring to the court's attention new developments in the law. He aptly directs the court's attention to a recent U.S. Supreme Court overruling the "total exhaustion principal," and holding that when a prisoner brings an action that contains both exhausted and unexhausted claims, the court should dismiss only the unexhausted claims and allow the prisoner to proceed on the exhausted claims. *Jones v. Bock*, 127 S.Ct. 910, 925-26 (2007).

The *Jones v. Bock* decision undermines the thrust of the defendants' summary judgment argument, which the defendants have since acknowledged. The defendants now request that the court dismiss all other claims improperly raised by Machiavelli, and allow them to argue the remaining mail policy issue on the merits.

### 3. Machiavelli's Motions Requesting a Preliminary Injunction

Machiavelli has filed two motions for a preliminary injunction, the second of which is more detailed and thorough. The defendants filed a motion to strike his second motion requesting a preliminary injunction, after having filed their opposition to his first motion. The defendants argue that the rules do not provide for a party to redo a motion that has already been opposed and has yet to be acted upon. Regardless

4

of whether the court recognizes Machiavelli's second motion for a preliminary injunction, his motion(s) should be denied.

A plaintiff seeking preliminary injunctive relief must show that (1) he or she will suffer irreparable injury if the injunction is not granted; (2) that such injury outweighs any harm which granting the injunctive relief would inflict on the defendants; (3) that he or she is likely to succeed on the merits; and (4) that the public interest will not be adversely affected by granting the injunction. *Ingraham v. University of Maine at Orono*, 441 A.2d 691, 693 (Me. 1982). Machiavelli has failed to demonstrate that these four criteria are satisfied and a preliminary injunction should be denied.

## 4. The Merits

Machiavelli's complaint alleges that the mail policy violates his rights under the First Amendment and the Fourteenth Amendment because it allows for the disposal of mail that does not contain a verifiable name and return address, without providing him with notice of each letter disposed.

The First Amendment holds that Congress "shall make no law . . . prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press . . . ." U.S. Const. amend. I. In cases involving inmates' right to free speech, the applicable standard of review must provide deference to prison officials. *Turner v. Safley*, 482 U.S. 78, 85 (1987). Under *Turner*, a policy is constitutional if: (1) there is a "valid, rational connection" between the prison policy and the "legitimate governmental interest put forward to justify it," (2) there are "alternative means of exercising the asserted right that remain open to the prison inmates," (3) "accommodation of the asserted right" will have a negative impact on guards, other inmates, and the allocation of limited prison resources, and (4) there are no ""ready alternatives" to the policy that "fully

5

accommodate the prisoners' rights at *de minimus* cost to valid penological interests. *Id.* at 89-90.

The MSP maintains that mail is censored for security and safety reasons. It would be overly burdensome on the prison guards, and the prison lacks the necessary resources, to provide prisoners with notification of all mail that lacks a name and return address, that is disposed of as a result. In addition, MSP's policy does not infringe on Machiavelli's right to receive mail. Machiavelli can simply notify his correspondents that they need to include a return address on the mail they send to him. Machiavelli offers a hypothetical in which a relative he has not been in touch with for years tries to reach him, but the letter is discarded because the individual has not provided a name or return address. This argument is speculative and narrow. Arguably, Machiavelli can notify people he knows and ask his friends and family members to share the details of MSP's mail policy with one another.

## IV. DECISION AND ORDERS

The clerk will make the following Orders as the Decisions and Orders of the court:

**A.** The defendants' motion to dismiss all of Musser's claims is granted because he failed to provide any opposition. M.R.Civ.P. 7(c)(3).

**B.** The defendants' motion to dismiss for all claims other than Machiavelli's claim that the mail policy violates his federal constitutional rights is granted.

**C.** The defendants' motion for summary judgment is denied.

**D.** Machiavelli's motion for a preliminary injunction is denied.

**E.** All other pending motions are denied.

SO ORDERED.

Dated: February 3, 2009

Justice, Superior Court

and County
Box 287
ne 04112-0287

ANTHONY MACHIAVELLI
MAINE STATE PRISON
807 CUSHING RD
WARREN ME 04864

DIANE SLEEK AAG
DEPARTMENT OF THE ATTORNEY GENERAL
6 STATE HOUSE STATION
AUGUSTA ME 04330

THOMAS MUSSER
206 STATE ST
APT C-10
PORTLAND ME 04101

STATE OF MAINE
CUMBERLAND, ss.



SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-05-452

ANTHONY MACHIAVELLI,

       Plaintiff

                                              ORDER

v.

MARTIN MAGNUSSON and
JEFFREY MERRILL,

       Defendants

## BEFORE THE COURT

Before the court is a summary judgment motion filed by Defendants Warden

Jeffrey Merrill (Merrill) and Commissioner Martin Magnusson (Magnusson).

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Anthony Machiavelli (Machiavelli) is currently incarcerated at the

Maine State Prison (MSP). Machiavelli filed a complaint on July 28, 2005 alleging a

number of claims against the Department of Corrections (the DOC) and state officials.[1]

The DOC and Maine Attorney General Stephen Rowe were originally named as

defendants but have subsequently been dismissed from the case. Thus, Merrill and

Magnusson (collectively the Defendants) are the remaining defendants in the action.

As a result of prior rulings in this matter, all that remains to be resolved is

Machiavelli's claim that Section 21.2 of the DOC mail policy violates his federal

constitutional rights.[2] Section 21.2 of the policy covers prisoners' mail and was

---

[1] In the complaint Thomas Musser (Musser) was also named as a plaintiff but has since been
dismissed from the case.

[2] The complaint refers to various violations of law, alleging violations of federal statutes, postal
service regulations, ACA standards, and statutory and agency rulemaking procedures, and

implemented on August 4, 2003 and revised on June 24, 2004. Procedure C-5 of 21.2 explicitly states that all incoming mail must have a verifiable name and return address on it. Machiavelli alleges that the mail policy violates his constitutional rights under the First Amendment and the Fourteenth Amendment because it allows for the disposal of mail that does not contain a verifiable name and return address, without providing him with notice of each letter that is disposed.

## DISCUSSION

### I.    Standard of Review

Summary judgment is proper where there exist no genuine issues of material fact such that the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *see also Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 4, 770 A.2d 653, 655. A genuine issue is raised "when sufficient evidence requires a fact-finder to choose between competing versions of the truth at trial." *Parrish v. Wright*, 2003 ME 90, ¶ 8, 828 A.2d 778, 781. A material fact is a fact that has "the potential to affect the outcome of the suit." *Burdzel v. Sobus*, 2000 ME 84, ¶ 6, 750 A.2d 573, 575. "If material facts are disputed, the dispute must be resolved through fact-finding." *Curtis v. Porter*, 2001 ME 158, ¶ 7, 784 A.2d 18, 22. A party wishing to avoid summary judgment must present a prima facie case for the claim or defense that is asserted. *Reliance National Indemnity v. Knowles Industrial Services*, 2005 ME 29, ¶ 9, 868 A.2d 220, 224-25. At this stage, the facts are reviewed "in the light most favorable to the nonmoving party." *Lightfoot v. Sch. Admin. Dist. No. 35*, 2003 ME 24, ¶ 6, 816 A.2d 63, 65.

### II.    The Mail Policy

---

making several general references to state constitutional law and state tort law. In addition, Machiavelli alleges that he is not permitted to purchase video games and CDs with mature ratings. These other claims were dismissed by court order dated February 5, 2009. *Machiavelli v. Merrill*, 2009 Me. Super. LEXIS 59.

Section 21.2 of the DOC mail policy provides that MSP staff members are to dispose of mail that does not include a verifiable name and address. Mail without a return address is opened and if a return address can be determined based on the contents of the mail, it is returned to the sender. If a return address cannot be ascertained based on the contents of the mail, the mail is discarded. Prisoners at the MSP are notified of this policy.

Machiavelli claims that Section 21.2 of the mail policy violates his constitutional rights. The First Amendment holds that Congress "shall make no law . . . prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press . . . ." U.S. Const. amend. I. In cases involving inmates' right to free speech, the applicable standard of review must provide deference to prison officials. *Turner v. Safley*, 482 U.S. 78, 85 (1987). A prison policy that places a burden on a fundamental right will be upheld if it is reasonably related to a legitimate penological objective. *Id.* at 87. Under *Turner*, a policy is constitutional if: (1) there is a "valid, rational connection" between the prison policy and the "legitimate governmental interest put forward to justify it;" (2) there are "alternative means of exercising the asserted right that remain open to the prison inmates;" (3) accommodation of the asserted right will have a negative impact on guards, other inmates, and the allocation of limited prison resources; and (4) there are no ready alternatives to the policy that "fully accommodate the prisoners' rights at *de minimus* cost to valid penological interests." *Id.* at 89-91.

The Defendants maintain that mail is required to include a name and return address for security and safety reasons. They identify several objectives behind the requirement, including (1) keeping out mail containing harmful writings and substances; (2) enabling mail to be returned after the transfer or release of a prisoner; and (3) trying to determine who is attempting to send mail to prisoners that contain

3

drugs and contraband materials. (Merrill Aff. ¶¶ 4-6.) These penological objectives are reasonably connected to the mail requirement. Evidence submitted by the Defendants indicates that mail without a name and return address is more likely to contain substances or writings that jeopardize safety, security, and the orderly management of the MSP. (Merrill Aff. ¶ 4.) Machiavelli himself acknowledges that the requirement fulfills the goal of enabling mail to be returned after the transfer or release of prisoners. (Opp. S.M.F. ¶ 14.) The requirement also enables the determination of who is attempting to send drugs and contraband materials to prisoners and helps to defeat, or lessen, future attempts. (Scheid Aff. ¶¶ 3-8.)

Machiavelli makes a number of unpersuasive arguments as to why there is no logical connection between the objectives of safety and security and the mail policy. He first points out that people who wish to send contraband materials into the prison can do so under the current policy by including a false name or address and taking steps to eliminate any self-identifying evidence with the mail. Even if the current policy is not 100% effective, it still may work to decrease the amount of unsafe materials sent to prisoners. If the policy were not in place it would likely become easier for people to send in contraband materials because they could do so anonymously. Machiavelli next contends that drugs come into the prison through the guards more often than drugs come through the mail. Even if this assertion is true, it does not diminish the MSP's legitimate objective to secure the mail coming in to prisoners.

Machiavelli also argues that the MSP staff should hold non-threatening mail without a return address so that the prisoner can then decide to either send the mail to someone else or have a visitor come pick up the mail. The Defendants have submitted evidence from Warden Merrill indicating there is neither sufficient staff nor space to give the prisoners this option. (Merrill Aff. ¶¶ 7-9.) In arguing that the option of

holding the mail would not be overly burdensome, Machiavelli points out that the Defendants have acknowledged there is not much contraband coming into the MSP through the mail system. (Opp. S.M.F. ¶ 16.) What this argument fails to recognize, however, is that the policy may actually work to decrease the amount of contraband material sent into the prison, as senders are required to identify themselves. Based on the evidence provided in the summary judgment record, it would be overly burdensome on the prison guards, and the prison lacks the necessary resources, for the staff to hold all mail that lacks a name and return address so the prisoners could arrange for the transport of these mail items.

The mail policy does not significantly infringe on Machiavelli's right to receive mail. The policy does provide that reasonable efforts are made to return mail that is improperly sent, rather than dispose of the mail. Prisoners are provided with notification when mail that does not meet the requirements is returned to the sender or disposed of, and also receive any information regarding the sender that can reasonably be ascertained through searching the contents of the mail. (Shanholtzer Aff. ¶¶ 4-7.) Machiavelli can notify his correspondents that they need to follow the common practice of including their name and return address on the mail they send to him. Provided that the mail contains a name and a return address and does not create a threat to safety and security, Machiavelli receives the mail sent to him. For all of these reasons, the policy does not create a substantial burden on Machiavelli's fundamental right under the First Amendment.

## CONCLUSION

It is hereby ORDERED as follows:

The Defendants' Motion for Summary Judgment is GRANTED.

The following motions are rendered moot and are therefore DENIED:

5

1. Plaintiff's Motion for a Temporary Restraining Order filed April 9, 2009.
2. Plaintiff's Motion for a Preliminary Injunction filed April 9, 2009.
3. Plaintiff's Motion to Request Permission for a 2nd Set of Interrogatories filed April 9, 2009.
4. Plaintiff's Motion to Request Recusal of Diane Sleek, Attorney for the Defendants, filed May 15, 2009.

Pursuant to M.R. Civ. P. 79(a), the Clerk is hereby directed to incorporate this

Decision and Order by reference in the docket.

DATE: ___7|30___ 2009

Joyce A. Wheeler, Justice

6

COURTS
I County
287
04112-0287

DIANE SLEEK AAG
DEPARTMENT OF THE ATTORNEY GENERAL
6 STATE HOUSE STATION
AUGUSTA ME 04330

COURTS
d County
x 287
04112-0287

ANTHONY MACHIAVELLI
MAINE STATE PRISON
807 CUSHING RD
WARREN ME 04864